THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Restored Historic Dungca House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Telephone: Hagåtña Office 671.472.4396
　　　　　Home Office 671.477.2020
　　　　　Cellular 671.488.0888
　　　　　Facsimile: (671) 472-2561
Email: curtis@vandeveldlawguam.com or
　　　　curtisguamlawyer@hotmail.com

**Attorney for Plaintiff:**
　　*GILLIAN MARY HARDMAN*



**FILED**
**DISTRICT COURT OF GUAM**

MAY 25 2010

JEANNE G. QUINATA
CLERK OF COURT

# IN THE UNITED STATES OF AMERICA
# DISTRICT COURT OF GUAM

| | |
|---|---|
| GILLIAN MARY HARDMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), BENNY T. BABAUTA, CARLO E. REYES, KENNETH J.C. BALAJADIA, JOSEPH B. TENORIO and other coconspirators DOES 1 through 9,<br><br>　　　　Defendants. | Civil Case No. **10-00010**<br><br>**VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY** |

COMES NOW, plaintiff GILLIAN MARY HARDMAN, with and through counsel, THE VANDEVELD LAW OFFICES, P.C., by Mr. Curtis C. Van de veld, Esq., to allege a Verified Complaint for Damages against defendants GOVERNMENT OF GUAM (GUAM

---
GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES　　　　　　　**Page 1**

Case 1:10-cv-00010　Document 1　Filed 05/25/10　Page 1 of 17

POLICE DEPARTMENT), BENNY T. BABAUTA, CARLO E. REYES, KENNETH J.C. BALAJADIA and other coconspirators DOES 1 through 9, as follows:

## JURISDICTION

1. The United States of America, District Court of Guam is vested with the authority to hear and resolve the causes of action raised in this Complaint For Damages by Title 28 United States Code §1331 (Federal Question), and §1343 (Civil Rights), and Title 42 United States Code §1985 (Conspiracy to interfere with civil rights), §1986 (Action for neglect to prevent), and §1988 (Proceedings in vindication of civil rights) which under this section includes common law claims available within the locus of the District Court.

## PARTIES

2. Plaintiff GILLIAN MARY HARDMAN, is and was at all times herein relevant to this Complaint, a natural person over the age of majority born April 1945 and a resident of Guam.

3. Defendant GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT) (hereinafter referred to as "GovGuam") is and was at all times relevant to this Complaint, a unincorporated territory of the United States of America created by virtue of 48 United States Code §1421a. As to all claims herein made against Defendant GovGuam, Plaintiff alleges that Plaintiff has complied with the requirements of Title 5 Guam Code Annotated Chapter 6, Articles 1 and 2 and Defendant GovGuam has denied liability by letter dated January 28, 2010.

///

///

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES                                Page 2

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 2 of 17

4. Defendant BENNY T. BABAUTA (hereinafter referred to as "Babauta") is and was at all times relevant to this Complaint, a natural person over the age of majority, an employee of Defendant GovGuam and a person employed thereby as a Police Officer.

5. Defendant CARLO E. REYES (hereinafter referred to as "Reyes") is and was at all times relevant to this Complaint, a natural person over the age of majority, an employee of Defendant GovGuam and a person employed thereby as a Police Officer.

6. Defendant KENNETH J.C. BALAJADIA (hereinafter referred to as "Balajadia") is and was at all times relevant to this Complaint, a natural person over the age of majority, an employee of Defendant GovGuam and a person employed thereby as a Police Officer.

7. Defendant JOSEPH B. TENORIO (hereinafter referred to as "Tenorio") is and was at all times relevant to this Complaint, a natural person over the age of majority, an employee of Defendant GovGuam and a person employed thereby as a Police Officer.

8. Defendants DOES 1 through 9 are believed by Plaintiff to be natural persons over the age of majority or corporations or government entities whose identities at the time of filing this Complaint are unknown to Plaintiff and who: negligently supervised or failed to properly supervise the named defendants, or who owed an affirmative duty to Plaintiff to prevent the violations of law which produced injury to Plaintiff and though able to stop or prevent such actions failed to fulfill their duty; or who became aware of the actions of Defendants as herein alleged and either expressly or tacitly approved of said actions and failed in their respective duty to prosecute Defendant's for their conduct; or otherwise combined and conspired to directly and proximately cause injury to Plaintiff, and which

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES          **Page 3**

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 3 of 17

persons, corporations or government entities should be held jointly and severely liable to Plaintiff for the damages Plaintiff has sustained.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff incorporates here, as though fully set forth, all of the allegations contained in paragraphs 1 through 8.

10. Defendants Babauta, Reyes, Balajadia and Tenorio, are collectively referred to herein as "Defendant Police Officers" each of Defendant Police Officers are sued herein in both their official capacity as well as their individual capacity.

11. Defendant GovGuam had at all times herein relevant a duty to select and maintain in employment as police officers only those persons who demonstrated respect for the rights of the members of the public under the United States Constitution, the Organic Act of Guam and the laws of Guam such that those persons employed by GovGuam in such capacity would not cause harm to other persons within the jurisdiction of Guam, like Plaintiff, which Defendant GovGuam failed and neglected to select and maintain in employment only such persons.

12. Defendant GovGuam had at all times herein relevant a duty to train and determine the knowledge of the persons it employed as police officers, and to monitor the performance of persons employed as police officers as to court determinations of the violation of rights of persons, whether in a civil or criminal context, and failed and neglected to so train, evaluate and monitor its employees to protect the persons within the jurisdiction of Guam from erroneous deprivation of their rights.

///

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES          Page 4

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 4 of 17

13. Plaintiff was reported by her daughter Cindy M. Hanson to have committed a misdemeanor offense of harassment against Ms. Hanson on or about 11:00 p.m. on May 25, 2008.

14. Based on Ms. Hanson's complaint, Defendant Police Officers combined and conspired with Defendant DOES 1 through 9 in performing the acts herein complained about. The actions or omissions of each Defendant are unknown but each is equally liable for the acts and omission of the others by their combination and conspiracy to deprive Plaintiff of her rights.

15. At or about the hours of 12:00 to 1:30 a.m. on the morning of May 26, 2008, Defendant Police Officers, all or some of them, but all with the knowledge, consent and combined objective of each other, came to the residence of Plaintiff.

16. At the time referenced in paragraph 15, the home of Plaintiff was located at 136 Mamis Street in Tumon, Guam.

17. At the time referenced in paragraphs 15 and 16, the home of Plaintiff was closed and secured from entry into the home. The windows were all closed and secured from being able to be opened from the outside of the residence and all the doors to the home were closed and secured from being able to be opened from the outside of the home.

18. At the time referenced in paragraphs 15, 16, and 17, Defendant Police officers, all or some of them but within the scope of the conspiracy, arrived at the home of Plaintiff with no more than suspicion of Plaintiff having committed any offense greater than a misdemeanor offense under the laws of Guam.

///

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES     **Page 5**

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 5 of 17

19. At the time referenced in paragraphs 15, 16, 17, and 18, Defendant Police Officers, all or some of them but within the scope of the conspiracy, entered without permission upon the land owned by Plaintiff and proceeded to check doors and windows for ability to enter the home.

20. At the time referenced in paragraphs 15, 16, 17, 18 and 19, Defendant Police Officers, all or some of them but within the scope of the conspiracy, found the home secured from external entry as indicated in paragraph 17, and through use of force broke open the door to the residence at the rear of the home which area of the residence is not able to be viewed from any other place on Guam where other persons may see the actions committed by Defendant Police Officers.

21. After breaking entry into Plaintiff's home as described in paragraph 20, Defendant Police Officers, all or some of them but within the scope of the conspiracy, found Plaintiff in her bedroom and began to confront Plaintiff. Plaintiff asked Defendant Police Officers to present Plaintiff with an arrest or search warrant and one of Defendant Police Officers, told Plaintiff to shut up.

22. After Plaintiff was confronted Defendant Police Officers as alleged in paragraph 21, Plaintiff left her bedroom and attempted to use the telephone to call her attorney for assistance believing that Defendant Police Officers, all or some of them but within the scope of the conspiracy, present in her residence were acting in violation of Plaintiff's rights.

///

///

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES          **Page 6**

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 6 of 17

23. After the acts heretofore set forth in paragraphs 15 through 22, Defendant Police Officers, all or some of them but within the scope of the conspiracy grabbed Plaintiff using extreme and unnecessary force and removed Plaintiff from her residence.

24. During the acts complained of in paragraphs 15 through 23, Defendant Police Officers, all or some of them but within the scope of the conspiracy, threw Plaintiff to the ground outside her residence on the cement driveway which Plaintiff believes caused Plaintiff to suffer a broken bone in Plaintiff's leg.

25. At a time unknown to Plaintiff, but during the actions referenced in paragraphs 15 through 24, Defendant Police Officers, all or some of them but within the scope of the conspiracy, caused Plaintiff to suffer physical injury in that the force used upon Plaintiff caused Plaintiff to suffer a break of a bone in Plaintiff's leg.

26. After the acts heretofore set forth in paragraphs 15 through 25, Defendant Police Officers, all or some of them but within the scope of the conspiracy placed Plaintiff into a police vehicle and began to transport Plaintiff away from her home.

27. After being placed into the police vehicle for transport, Plaintiff complained to Defendant Police Officers that she was in great pain and in need of medical attention.

28. After being informed by Plaintiff of the circumstances alleged in paragraph 27, Defendant Police Officers, all or some of them, but within the occurrence and scope of the acts of the conspiracy engaged in a continuous period of harassment of Plaintiff during which time Defendant Police Officers, all or some of them, but within the occurrence and scope of the conspiracy, called Plaintiff a "crybaby" and other names and engaged in oral abuse of Plaintiff.

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES    Page 7

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 7 of 17

29. After the acts alleged in paragraphs 9 through 28, Defendant Police Officers, all or some of them, but within the occurrence and the scope of the acts of the conspiracy, ignored Plaintiff's pleas for medical assistance and instead of taking Plaintiff to the Guam Memorial Hospital took Plaintiff to the Hagåtña Precinct.

30. At no time during the acts alleged in paragraphs 9 through 29 did any Defendant obtain proper legal permission as required by the Fourth Amendment of the United States Constitution to enter upon the property of Plaintiff, to break open Plaintiff's home, to enter into Plaintiff's home or to arrest Plaintiff while Plaintiff was in her home.

31. During the early morning hours of October 26, 2008, Defendant Police Officers, inflicted serious injuries to Plaintiff and caused Plaintiff to endure severe pain while Defendant Police Officers denied medical treatment to Plaintiff for an unreasonable period of time, thus violating Plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

### FIRST CAUSE OF ACTION

### Violation of Civil Rights

32. Plaintiff incorporates here by this reference all the allegations of paragraphs 9 through 31 as though such allegations were fully set forth here.

33. The actions of Defendant Police Officers and Defendants DOES 1 through 9 as herein alleged were performed under color of authority of law as such actions were performed while these Defendants were on duty. Further, the misuse of power by Defendant Police Officers' and Defendants DOES 1 through 9, said power possessed by virtue of territorial law and made possible only because these wrongdoer Defendants

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES    Page 8

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 8 of 17

were clothed with authority of territorial law, were acts and omissions to act taken under color of territorial law.[1]

34. The acts and omissions to act as heretofore alleged in paragraphs 32 and 33 were misconduct by Defendant Police Officers which infringed on the federally guaranteed rights of Plaintiff under the United States Constitution under the Fourth, Fifth, Eighth and Fourteenth Amendments.

35. The acts and omissions to act as heretofore alleged in paragraphs 32 through 34, by Defendant Police Officers and Defendants DOES 1 through 9 were not done in good faith or under a good faith belief that the actions of Defendant Police Officers and DOES 1 through 9 were lawful, and such actions were not objectively reasonable and lawful given the state of the laws of Guam at the time of the acts and omissions to act were performed.

36. The acts and omissions to act as heretofore alleged in paragraphs 32 through 35 by Defendant Police Officers and Defendants DOES 1 through 9 subjected Plaintiff, a citizen of the United States, and within the jurisdiction of the United States, to deprivation of Plaintiff's rights, privileges and immunities secured by the United States Constitution and the laws of the United States.

37. The acts and omissions to act as heretofore alleged in paragraphs 32 through 36 by Defendant Police Officers and Defendants DOES 1 through 9 directly and proximately caused Plaintiff to suffer damage the value of which will be proven at the time of trial.

## SECOND CAUSE OF ACTION

### Conspiracy to Neglect to Prevent Violation Plaintiff's Civil Rights

---

[1] See Monroe v. Pape, 365 US 167(1961); U.S. v. Classic, 313 US 299, 326 (1941).

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES **Page 9**

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 9 of 17

38. Plaintiff here incorporates by this reference all the allegations set forth in paragraphs 32 through 37 as though fully set forth here.

39. Defendant Police Officers and Defendants DOES 1 through 9 had knowledge at one time or another as the events heretofore alleged were occurring that the other Defendant Police Officers and Defendants DOES 1 through 9 were engaged in actions and omissions to act that were designed to achieve the goal of depriving Plaintiff of Plaintiff's civil rights and despite such knowledge, Defendant Police Officers and Defendants 1 through 9 failed to act to prevent the continued deprivation of Plaintiff's civil rights neglected or refused to prevent the commission of the acts and omissions to act of the other Defendants.

40. Defendant Police Officers and Defendants DOES 1 through 9 despite having had knowledge of all the facts as alleged in paragraph 39, and further despite having the power to prevent the occurrence or continuation of the acts and omissions of Defendant Police Officers and Defendants DOES 1 through 9 in violating the constitutional rights of Plaintiff, said Defendants failed to take appropriate action to prevent injury to Plaintiff.

41. The acts and omissions of Defendant Police Officers and Defendants DOES 1 through 9 as alleged in paragraphs 38 through 40 directly and proximately caused injury to Plaintiff resulting in damage to Plaintiff in an amount to be proven at time of trial.

### THIRD CAUSE OF ACTION
### INVASION OF PLAINTIFF'S PRIVACY

42. Plaintiff incorporates here as though fully set forth all the allegations in paragraphs 32 through 37 as though fully set forth here.

43. Plaintiff enjoys by the Fourth Amendment of the United States Constitution a right to privacy in her own home.

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES       Page 10

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 10 of 17

44. Plaintiff enjoys under the Organic Act of Guam, 42 USC § 1421b a right of privacy in her own home.

45. At the time that Defendant Police Officers, some or all of them and Defendants DOES 1 through 9, some or all of them, whether individually or in furtherance of the conspiracy, broke open the residence of Plaintiff and entered into the residence of Plaintiff, Plaintiff was in quiet enjoyment of the solitude of Plaintiff's home and in seclusion therein.

46. The acts and omissions to act of said Defendants as alleged in paragraphs 42 and 45, invaded the solitude and seclusion of Plaintiff and the safety and peace of Plaintiff's home without lawful authority and in violation of the privacy rights of Plaintiff as alleged in paragraphs 43 and 44.

47. The acts and omissions to act of said Defendants as alleged in paragraphs 42, 45, and 46, occurred in such a manner as to outrage Plaintiff and cause Plaintiff to endure mental suffering, shame, humiliation, such that a person of ordinary sensibilities would similarly suffer, all directly and proximately to Plaintiff's damage in an amount as will be proven at time of trial.

## FOURTH CAUSE OF ACTION

### Battery of Plaintiff

48. Plaintiff here incorporates all the allegations of paragraphs 42 through 47 as though fully set forth here.

49. The acts and omissions to act of Defendant Police Officers, some or all of them, and Defendants DOES 1 through 9, some or all of them, caused Plaintiff to fear that as a result of the alleged acts and omissions to act, Plaintiff was about to suffer an imminent

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES                              Page 11

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 11 of 17

harmful or offensive touching from said Defendants, which fear a reasonable person would be expected to suffer under like circumstances.

50. The acts and omissions to act of Defendant Police Officers, some or all of them, and Defendants DOES 1 through 9, some or all of them, caused Plaintiff great fear, anxiety and emotional distress as a direct and proximate result of the conduct of the said Defendants, all to Plaintiff's damage in an amount to be proven at time of trial.

## FIFTH CAUSE OF ACTION

## ASSAULT

51. Plaintiff here incorporates all the allegations of paragraphs 42 through 47 as though fully set forth here.

52. Defendant Police Officers and Defendants DOES 1 through 9, caused Plaintiff to suffer a harmful and/or offensive contact in the course of the acts and omissions to act as herein alleged, all in violation of the criminal code of Guam, 9 GCA §19.20 had such conduct been criminally charged, producing serious bodily injury to Plaintiff as well as great physical and mental pain and anguish to be suffered by Plaintiff.

53. Plaintiff directly and proximately suffered damage as alleged in paragraph 52 all to Plaintiff's detriment in an amount to be proven at time of trial.

## SIXTH CAUSE OF ACTION

## TRESPASS

54. Plaintiff here incorporates all the allegations of paragraphs 42 through 47 as though fully set forth here.

55. Defendant Police Officers, some or all of them, and Defendants DOES 1 through 9, either individual or by acts and omissions in furtherance of the conspiracy, entered

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES                    Page 12

Case 1:10-cv-00010    Document 1    Filed 05/25/10    Page 12 of 17

upon the property of Plaintiff at a time when said Defendants knew that they were not licensed or privileged to enter.

56. Defendant Police Officers, some or all of them, and Defendants DOES 1 through 9, either individual or by acts and omissions in furtherance of the conspiracy, entered into the residence of Plaintiff at a time when said Defendants knew that they were not licensed or privileged to enter as Plaintiff's residence was secured from entry by breaking and entering into such premises.

57. As a direct and proximate result of the acts and omissions to act of said Defendants, Plaintiff was caused to suffer damage to Plaintiff's property and person in the form of emotional distress, anxiety, humiliation, loss of solitude, physical harm and other damages for medical expenses, and out of pocket costs, all in an amount to be proven at time of trial.

### SEVENTH CAUSE OF ACTION

### FALSE ARREST

58. Plaintiff here incorporates all the allegations of paragraphs 42 through 47 as though fully set forth here.

59. At the time that Defendant Police Officers, some or all of them, and Defendants DOES 1 through 9, some or all of them, either individually or in furtherance of the conspiracy, caused Plaintiff to be placed under arrest, said Defendants lacked probable cause to make such an arrest for any violation of the laws of Guam.

60. At the time of the acts and omissions to act as alleged in paragraphs 58 and 59, said Defendants lacked legal authority to break and enter Plaintiff's home for the purpose of affecting an arrest.

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES            Page 13

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 13 of 17

61. The acts and omissions to act of said Defendants as alleged in paragraphs 58 through 60, directly and proximately caused Plaintiff to suffer humiliation, embarrassment, loss of reputation, emotional distress, physical injury and illness, incurrence of legal costs of defense and other injuries all to Plaintiff's detriment in a form and amount to be proven at time of trial.

## EIGHTH CAUSE OF ACTION

## FALSE IMPRISONMENT

62. Plaintiff here incorporates all the allegations of paragraphs 58 through 61 as though fully set forth here.

63. Defendant Police Officers, some or all of them, and Defendants DOES 1 through 9, some or all of them, either individually or in furtherance of the conspiracy to injure Plaintiff, forcibly removed Plaintiff from where she had been on Plaintiff's volition and confined Plaintiff to certain locations against Plaintiff's will, all to Plaintiff's detriment and injury.

## NINTH CAUSE OF ACTION

## NEGLIGENT EMPLOYMENT

64. Plaintiff incorporates here all the allegations set forth in this Verified Complaint in all the preceding paragraphs, except those in paragraphs 32, 38, 42, 48, 51, 54, 58, and 62.

65. Defendant GovGuam owes a duty to all persons to properly select, train and supervise the persons in its employ, inclusive of Defendant Police Officers and

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES          Page 14

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 14 of 17

Defendants DOES 1 through 9, some or all of them, most particularly those with which Defendant GovGuam provides authority to exercise the police power of the government.

66. Defendant GovGuam owes a further duty in supervision of such persons as Defendant Police Officers and Defendants DOES 1 through 9, to determine when such persons have been determined by a court of law to have exceeded the proper exercise of their police power to take remedial actions, including retraining and discipline up to termination in order to prevent its employees from injuring others through intentional acts in violation of law.

67. Defendant GovGuam negligently has failed to perform its duties to protect persons from the intentional acts of its employees in violation of the rights of others from the wrongful use of Defendant GovGuam's police power and to create proper systems to select, train, supervise, discipline and remove from employment persons who abuse the police power of Defendant GovGuam such as Defendant Police Officers and Defendants DOES 1 through 9, some or all of them.

68. Defendant GovGuam knew that it was reasonably foreseeable that if Defendant GovGuam failed to take action to properly select, train, monitor., supervise, correct and remove persons who in exercising the police power of GovGuam would likely cause injury to other persons.

69. Despite a duty to take appropriate action to prevent injury to persons like Plaintiff from the acts and omissions of Defendant Police Officers and Defendants DOES 1 through 9, Defendant GovGuam failed to act to perform Defendant GovGuam's duty and thereby breached such duty.

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES          Page 15

Case 1:10-cv-00010   Document 1   Filed 05/25/10   Page 15 of 17

70.     As a direct and proximate result of the negligence of Defendant GovGuam, Plaintiff has directly and proximately been caused to suffer humiliation, embarrassment, loss of reputation, emotional distress, physical injury and illness, incurrence of legal costs of defense and other injuries all to Plaintiff's detriment in a form and amount to be proven at time of trial.

WHEREFORE plaintiffs pray s to this honorable court for the following relief from all Defendants jointly and severally to any limitation of damages at law:

I.  Full and complete compensatory damages according to proof at time of trial;

II. Costs of suit;

III. Attorney's fees and legal expenses;

IV. Such other and further relief not specifically requested herein which the court determines it is just and proper to award to Plaintiff in equity or at law upon hearing and determining the claims in this matter which may be further requested at time of trial.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues triable thereto as alleged in this case.

DATED: this 25th day of May 2010.

THE VANDEVELD LAW OFFICES, P.C.

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for plaintiff
GILLIAN MARY HARDMAN

---

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES      Page 16

# VERIFICATION

GUAM )
 ) ss:
HAGÅTÑA )

I, GILLIAN MARY HARDMAN, hereby declare under penalty of perjury of the laws of Guam pursuant to 6 G.C.A. §4308, that I have read the foregoing Complaint For Unlawful Detainer and Damages and I know the contents thereof to be true and correct, except as to the matters which are therein stated upon information and belief; and as to those matters, I believes them to be true.

Dated: this 25 day of May 2010.

*[signature]*
Ms. Gillian Mary Hardman

---

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES   **Page 17**