LAW OFFICES
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422

Attorneys for: Defendant **Carlo E. Reyes**

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| GILLIAN MARY HARDMAN, ) <br> ) <br> Plaintiff. ) <br> ) <br> vs. ) <br> ) <br> GOVERNMENT OF GUAM (GUAM ) <br> POLICE DEPARTMENT), BENNY T. ) <br> BABAUTA, CARLO E. REYES, KENNETH ) <br> J.C. BALAJADIA, JOSEPH B. TENORIO ) <br> and OTHER CO-CONSPIRATORS ) <br> DOES 1 THROUGH 9, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL CASE NO. **10-00010** <br><br><br><br><br> **MOTION TO DISMISS PURSUANT TO RULES 12(b)(6)** |

## INTRODUCTION

**COMES NOW**, Defendant **CARLO E. REYES**, through counsel, **CUNLIFFE & COOK**, A Professional Corporation, by F. Randall Cunliffe, Esq., and hereby moves this Court pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), to dismiss the Complaint of Plaintiff GILLIAN MARY HARDMAN.

Plaintiff has filed an action seeking damages, and alleging a violation of 42 USC §§1985 (Conspiracy to Interfere With Civil Rights) and 1986 (Act for Neglect to Prevent).

### First Cause of Action

In the First Cause of Action, the allegations are assumed to allege a violation of 1985(c), although Plaintiff does not separately assert which cause of actions are violations of what statute. Plaintiff makes the bold assertion that Defendant police officers combined and conspired with Defendant DOES 1 through 9 in performing the acts herein complained about. The actions or omissions of which Defendants are unknown but each is equally liable for the acts and omissions of the other others by their combination and conspiracy to deprive Plaintiff of her rights. ¶14.

Thereafter, Plaintiff, without providing any allegation as to how Defendants combined and conspired, merely restates throughout the complaint that the acts were done within the scope of the conspiracy. Plaintiff makes no factual allegations as to the creation or existence of a conspiracy, she merely makes generalized conclusory statements that a conspiracy existed.

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. Navarro v. Block, 250 F. 3d 729, 732 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, a complaint must contain "factual allegations" that are "enough to raise a right to relief above the speculative level." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court in Twombly found that a plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and the formulaic recitation of the elements

of a cause of action will not do." Id., at 1964-65. Plaintiff cannot avoid dismissal by presenting bare assertions as legal conclusions. See, Cholla Ready Mix, Inc. v. Civish, 382 F. 3d 969, 973 (9th Cir. 2004).

The Ninth Circuit has addressed this requirement with regard to conspiracy cases involving 1985 allegations holding that "to state a claim for a conspiracy to violate constitutional rights the plaintiff must state specific facts to support the existence of the claimed conspiracy. Olsen v. Idaho State Board of Medicine, 363 F.3d 916 (2004). The Court in Olsen went on to state, "In fact, her complaint is devoid of any discussion of an agreement amongst the appellees to violate her constitutional rights".

Plaintiff has failed to properly plead factual allegations evidencing a conspiracy and therefore the First Cause of Action must be dismissed.

## Second Cause of Action

In the Second Cause of Action, although it is entitled "Conspiracy", it appears to be an allegation in violation of 42 USC §1986 for neglect to prevent. This cause of action, has a limitation as set forth in 42 USC §1986, that it must be brought within one year. As the Complaint alleges that these incidents occurred on the 26th day of May, 2008, and the Complaint was filed on the 25th day of May, 2010, this cause of action is outside the statute of limitations and must be dismissed.

Under Guam law with regard to limitations, the Supreme Court of Guam in Amsden v. Yamon, 1999 Guam 14 at ¶14 has provided that if on its face, the complaint is outside the statute of limitations, Plaintiff must plead and prove facts which toll the statute of limitations. The failure to plead such tolling facts requires the case to be dismissed.

Further, if there is a no cause of action for a violation of §1985, then there cannot be a cause of action for a violation of §1986. <u>Kermit Construction Corp. v. Banco Credito Y Ahorro Pinceno</u>, 547 F.2d 1 (5th Cir., 1976).

Therefore, the Second Cause of Action must be dismissed.

### Third Cause of Action

The Third Cause of Action alleges that it is a cause of action for invasion of privacy. The Complaint alleges violations of 42 USC §§1985 and 1986. Therefore, the Third Cause of Action appears to be the same cause of action as the First Cause of Action, if Plaintiff is pleading it pursuant to 42 USC §1985. Plaintiff not having set forth any statutory authority for bringing the invasion of privacy statute, Defendant REYES can only assume that this is the same cause of action upon which she is relying as with the First Cause of Action, and there are no factual allegations as to the conspiracy which are sufficient to raise a right to relief above the speculation level and this count must be dismissed. <u>Twombly</u>, <u>supra</u>.

### Conspiracy in General

There is a split of authority in the United States Circuit Courts with regard to the ability to bring a cause of action alleging a violation of 42 USC §1985(3) against parties who come for a single entity. <u>Dombrowski v. Dowling</u>, 459 F.2d 190 (7th Cir., 1972).

The <u>Dombrowski</u> decision has been followed in <u>Girard v. 9th Street and Fifth Avenue Corporation</u>, 530 F.2d, 66 (2nd Cir., 1976); <u>Buschi v. Kirven</u>, 755 F.2d 1240 (4th Cir., 1985), <u>Doherty v. American Motors Corp.</u>, 728 F.2d 334 (6th Cir., 1984); <u>Cross v. General Motors Corp.</u>, 721 F.2d 1152 (8th Cir., 1983). The Seventh Circuit, in a later

decision, Travis v. Gary Community Mental Health Center, 921 F.2d 108 (7th Cir., 1991), discussed the history of the treatment of corporate conspirators. They found that when the Civil Rights Act of 1871 was passed, "it was understood that corporate employees acting to pursue the business of the firm could not be treated as conspirators. Darthmouth College v. Woodword, 17 US (Wheat), 518, 636 (1819)." The court also quoted Blackstone on the law of conspiracy at the time. The court then noted that the Civil Rights Act of 1871 predates the anti-trust laws enacted by the Sherman Act which is the basis of the decision of the courts that do not adhere to the inter-corporate conspiracy approach. States v. Bowden, 728 F.2d 15 (1st Cir., 1984), Novothy v. Great Amenican Federal Savings & Loan Ass'n, 584 F.2d 1235 (3d Cir., 1978), en banc, reversed on other grounds 442 U.S. 366 (1979) and U.S. v. Hartley, 678 F.2d 961 (11th Cir., 1982). The Travis decision provides legal insight why the Seventh Circuit decision and its adherents are correct and the detractors who limit the conspiracy to anti-trust actions are incorrect.

The Ninth Circuit in Portman v. County of Santa Clara, 995 F.2d 898 (9th Cir., 1993) has indicated that they would wait for a decision from a District Court to decide before they would decide the issue in our circuit. Since the Portman decision, apparently no one has taken the matter back before the Ninth Circuit, although there are decisions within the District Courts within the Ninth Circuit which go both ways on the issue.[1]

---

[1] The Supreme Court has noted the circuit split but has not resolved it. Novotny v. Great American Federal Sav & Loan Ass'n, 442 U.S. 366 (1979).

## THE COMPLAINT DOES NOT ALLEGE A CLASS-BASED INVIDIOUSLY DISCRIMINATORY ANIMUS.

The Supreme Court of the United States in Griffin v. Breckenridge, 402 U.S. 88 (1971) held that a 1985(3) cause of action requires that there be some racial or perhaps class-based, invidiously discriminatory animus behind the conspirators' actions. See also, United Brotherhood of Carpenters and Joiners of America Local 610 APL-CIO v. Scott, 463 U.S. 825 (1983). The failure to allege that Plaintiff is a member of a particular race or suspect class fails to make out a claim under §1985. Griffin, supra. Burns v. County of King, 883 F.2d 819 (9th Cir., 1989).

The remaining causes of action are not federal claims. If the federal claims are dismissed, the state claims must also be dismissed.

## CONCLUSION

Based on the foregoing, Defendant REYES respectfully requests this Court to dismiss the Complaint filed against him for Plaintiff's failure to plead its claims with particularity and for failure to state any plausible claim for relief.

Respectfully submitted this 23 day of June, 2010.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant **Carlo E. Reyes**

By _____
F. RANDALL CUNLIFFE, ESQ.