

**Office of the Attorney General**
**John Weisenberger**
Attorney General of Guam
**ROBERT M. WEINBERG**
Assistant Attorney General
287 West O'Brien Drive
Hagåtña, Guam 96910  USA
(671) 475-3324     (671) 472-2493 (Fax)
email: rweinberg@guamattorneygeneral.com
**Attorneys for defendants GOVERNMENT OF GUAM**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **GILLIAN MARY HARDMAN**, Plaintiff, vs. **GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT); BENNY BABABUTA; CARLO E. REYES; KENNETH J.C. BALAJADIA; et al.** Defendants. | **Civil Case No. CV 10-00010** **MOTION TO DISMISS BY DEFENDANT GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT)** |

Pursuant to Fed.R.Civ.P., 12(b)(6), defendant GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT) respectfully moves the court for an order dismissing the Government of Guam (Guam Police Department) from the above-styled matter; and dismissing all claims against any named defendant in his official capacity, and against any "John Doe" defendants.

### Introduction

According to the verified complaint, on May 25, 2008, at approximately 11:00 p.m., a misdemeanor harassment complaint was lodged with the Guam Police Department against plaintiff Gillian Hardman by Hardman's daughter, Cindy M. Hanson. *Verified Complaint*, ¶ 13.

Guam Police officers responded to Ms. Hanson's complaint by proceeding to plaintiff Hardman's home in Tumon, where one or more of the officers named as defendants here, but otherwise not specifically identified, arrived sometime between the hours of 12:00 a.m. and 1:30 a.m. *Complaint*, ¶ 15. Ms. Hardman alleges that one or more of the officers, in conspiracy with one another, broke into her home, which she alleges was "secured from external entry," *Complaint*, ¶ 20, "with no more than suspicion of Plaintiff having committed any offense greater than a misdemeanor offense under the laws of Guam." *Complaint*, ¶ 18. Ms. Hardman alleges that "all or some [of the officers] but within the scope of the conspiracy grabbed Plaintiff using extreme and unnecessary force and removed Plaintiff from her residence," *Complaint*, ¶ 23; threw her to the ground "which Plaintiff believes caused Plaintiff to suffer a broken bone in Plaintiff's leg," *Complaint*, ¶ 24; called her a " 'crybaby' and other names," *Complaint*, ¶ 28; and "ignored" her "pleas for medical assistance," in violation of Ms. Hardman's rights under the fourth, fifth, eighth and fourteenth amendments to the United States Constitution. *Complaint*, ¶¶ 29 – 31.

**I. The Claims Against the Guam Police Department and Against Defendants Sued in their Official Capacities Fail to State a Claim for Damages Under 42 U.S.C. § 1983.**

Although not cited in the complaint, Ms. Hardman's civil rights claims are presumably brought pursuant to 42 U.S.C. § 1983. The complaint does not distinguish in what capacity – individual or official – the various named or "John Doe" defendant police officers are being sued in each of the complaint's first eight causes of action. However, ¶ 10 of the complaint states, "Defendants Babauta, Reyes, Balajadia and Tenorio,[1] are collectively referred to herein as 'Defendant Police Officers' [sic] each of Defendant Police Officers are sued herein in both their

---

[1] Joseph B. Tenorio died prior to the filing of this lawsuit. *See Suggestion of Death*, Doc. 9 (filed June 16, 2010).

official capacity as well as their individual capacity." It is therefore unclear from the complaint, but if Ms. Hardman is claiming damages for violation of her civil rights from the government of Guam and defendants in their official capacities, as representatives of the government, those claims are due to be dismissed.

First, the Government of Guam, its agencies and instrumentalities are entitled to sovereign immunity, *see Marx v. Government of Guam*, 866 F.2d 294 (9th Cir. 1989) (dismissing in rem admiralty proceeding against Government of Guam on the basis of Guam's inherent sovereign immunity); *Munoz v. Government of Guam*, 625 F.2d 257 (9th Cir. 1980) (in action against Government of Guam for intentional torts by police officer, Guam is immune) ("Clearly, Guam has not waived its immunity with respect to intentional torts committed by its employees. Because appellants alleged and the evidence showed an intentional tort only, the decision of the district court [dismissing the Government of Guam] must be affirmed."); *accord*, *Crain v. Government of Guam*, 195 F.2d 414, 415 (9th Cir. 1952) (sovereign immunity barred suit "against the Government of Guam, the sole defendant, for a declaratory judgment of their rights, and those of other Guamanians similarly situated, under Section 31 of the Organic Act of Guam, 48 U.S.C.A. § 142li").

Second, the Government of Guam, its instrumentalities and agencies, as well as its officers sued in their official capacities, are not considered "persons" under 42 U.S.C. § 1983 in a suit for damages. *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("We hold that neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983."); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1991) (Guam is not a "person" under § 1983, citing *Ngiraingas*); *Kitano v. Guam Territorial Parole Board*, 2007 WL 1795544 * 2 (D. Guam 2007) ("It is settled law that Guam, its governmental entities, and officials sued in their official

3

capacities are not 'persons' within the meaning of § 1983 and cannot be held liable for money damages under 42 U.S.C. § 1983.") (citing *Ngiraingas*, 495 U.S. 182, 191-192).

Third, Ms. Hardman's statement of jurisdiction at ¶ 1 of her complaint cites only federal jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1343; and 42 U.S.C. §§ 1985 and 1986. If she is claiming that her 42 U.S.C. § 1983 claims encompass the common torts under local law asserted in her third through ninth causes of action, she has failed to state a claim. *See Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) ("Section 1983, however, only creates a cause of action for violations of the federal 'Constitution and laws … To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.' ") (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *accord Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). If Ms. Hardman is asserting any other basis for the court's exercise of jurisdiction over local law torts, then she must amend her complaint and say what that is.

**II. Plaintiff's Local Law Claims Contained in her Third through Ninth Causes of Action are Due To Be Dismissed – Analysis of Local Law Claims.**

The local rules of court, LR 10.1(a), states, "Each complaint, petition, counter-claim and cross-claim shall state in a separate paragraph entitled "jurisdiction" the statutory or other basis for jurisdiction and the facts supporting jurisdiction." *See also*, Fed.R.Civ.P., Rule 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). Ms. Hardman's third through ninth causes of action assert claims for

invasion of privacy; battery; assault; trespass; false arrest; false imprisonment; and negligent employment (against the Government of Guam alone). Those claims are based on local, not federal, law, and Ms. Hardman has failed to identify the statutory or other basis of this court's jurisdiction over those local law claims. Her pleading failings aside, those causes of action are due to be dismissed.

At ¶ 3 of her complaint, Ms. Hardman alleges compliance with Guam's Government Claims Act, 5 GCA § 6101, *et seq.*, a statutory prerequisite to waiver of Guam's sovereign immunity on claims of negligence and breach of contract, which she later presents in her ninth cause of action entitled "Negligent Employment" solely against the Government of Guam. *See Complaint*, ¶¶ 3, 8, 11, 12, 65 – 70. Obviously, the court does not have *federal question* jurisdiction over this or any other of her local law causes of action. And as noted, Ms. Hardman has failed to cite the basis of the court's jurisdiction over this claims as required by Fed.R.Civ.P., Rule 8(a) and LR10.1(a). Presumably Ms. Hardman is asserting that this court has *supplemental* jurisdiction pursuant to 28 U.S.C. § 1367(a), which provides, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

"A federal court sitting in diversity or exercising supplemental jurisdiction over state law claims must apply state substantive law, but a federal court applies federal rules of procedure to its proceedings." *Baumhover v. North Bend Medical Center, Inc.*, 2008 WL 2874831 * 4 n. 5 (D. Or. 2008) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415 (1996)). "Generally, a federal court is bound to apply state substantive law to state causes of action before the court under supplemental jurisdiction." *White v. Sabatino*, 526 F.Supp.2d 1135, 1141 (D. Hawai'i

5

2007). Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "when a federal court exercises diversity or pendent [now supplemental] jurisdiction over state-law claims, 'the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.' " *Felder v. Casey*, 487 U.S. 131, 151 (1988) (Wisconsin notice-of-claim rules for suits against the government inapplicable to claims brought pursuant to 42 U.S.C. § 1983, but do apply to pendent state law claims) (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945)); *see also*, *Aarlie v. Akins*, 2007 WL 1412757 (E.D. Wash. 2007).

### III. The Government of Guam has Not Waived Immunity for Intentional Torts.

It is unclear from the complaint because she has "shot-gunned" her claims against named defendants in both their individual and official capacities, but if Ms. Hardman is asserting claims against the government in her third through eighth causes of action, by suing the police officers in their official or any representative capacity, then those claims are all due to be dismissed. The Government of Guam's limited waiver of sovereign immunity under the Government Claims Act applies only to negligent acts. Ms. Hardman is alleging intentional wrongdoing by the named defendants, and recovery against the Government for intentional torts is barred. *See Wood v. Guam Power Authority*, 2000 Guam 18 * 3 ("The Government Claims Act does not waive sovereign immunity for intentional torts.") (citing 5 GCA § 6105(b)); *id.*, at 5 ("Guam's sovereign immunity has not been waived with respect to intentional torts. Without a waiver of sovereign immunity, courts lack jurisdiction to hear a suit against the Government of Guam."). All local law claims against the Government of Guam and against any named or "John Doe" defendants in their official capacities, if intended against them in a representative capacity

against the Government of Guam, are due to be dismissed with prejudice, because the Government of Guam has not waived sovereign immunity for intentional torts.

**IV. As a Matter of Guam Law, Ms. Hardman Cannot Maintain an Action Against the Government of Guam Under Guam's Government Claims Act Claim and Against Individual Employees Allegedly Liable for the Violation or Injury at the Same Time.**

Guam law provides: "The filing of a suit under this Chapter against the government of Guam or against any specific entity thereof shall suspend any proceedings against individual employees alleged to be liable in the same action until such time as the suit against the government of Guam or against any specific entity thereof has been brought to final judgment." 5 GCA § 6212(a). In the *Erie* doctrine analysis, this is no mere procedural rule governing the presentment of claims in local courts; but directly affects the substantive rights of the litigants under local law. Guam law states, "Satisfaction of a settlement with or of a judgment against an employee of the government shall constitute a forfeiture by the claimant of all rights against the government by reason of the same subject matter." 5 GCA § 6212(c). Limiting the analysis to plaintiff's local law claims only, Guam law does not permit a double recovery against government employee and employer "by reason of the same subject matter."

Ms. Hardman must thus make a choice. As a matter of substantive Guam law which this court must apply, *see again Felder*, 487 U.S. at 151, Ms. Hardman cannot sue the police officer employees on any local law claim in her third through eighth causes of action, "until such time as the suit against the government of Guam or against any specific entity thereof [in her ninth cause of action] has been brought to final judgment." Conversely, if Ms. Hardman proceeds with her local law claims against the officers to settlement or judgment, then "all rights against the government by reason of the same subject matter" will be forfeit. As seen in the next section, however, Ms. Hardman's choice has already been made for her.

7

**V. As a Matter of Local Law, Ms. Hardman's Government Claims Act Claims in her Ninth Cause of Action Against the Government of Guam Fail to State a Claim.**

On the merits of Ms. Hardman's Government Claims Act demand for relief asserting "Negligent Employment," against the Government of Guam, she has failed to state a claim.[2]

Guam's Government Claims Act, 5 GCA § 6105(c), states, "The Government of Guam shall not be liable for claims arising from an exercise of discretion in making policy." There are no cases from the Guam Supreme Court on point that address whether hiring, training and supervision involve the exercise of discretion and determinations of policy, but other courts from within the Ninth Circuit that have considered the question appear to agree: "Decisions relating to hiring, supervising, and training employees are discretionary." *Lorenzo v. United States*, 2010 WL 444719 * 4 (S.D. Cal. 2010) (citing *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000)); *Lorenzo*, 2010 WL 444719 * 5 ("Decisions regarding training and supervision of employees involves policy concerns, such as staffing and funding."); *accord Morsovillo v. Clark County*, 2009 WL 3785266 * 10 (D. Nev. 2009) (noting that Nevada state courts apply federal decisional law under the Federal Tort Claims Act to analysis whether discretionary immunity shields entity defendants under Nevada law) ("The Ninth Circuit and other circuits addressing the issue have held that 'decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield.' "); *see generally*, *Doe v. Holy See*, 557 F.3d 1066, 1084-85 (9th Cir. 2009) (citing cases); *and see*, *Neal-Lomax v. Las Vegas Metropolitan Police Dept.*, 574 F.Supp.2d

---

[2] "A federal court may decline to exercise supplemental jurisdiction under any of the following circumstances: (1) the state law claim involves a novel or complex issue of state law; (2) the state law claim substantially predominates over the federal claim; (3) the federal claim has been dismissed; and (4) exceptional circumstances." *Watkins v. Sanders*, 2010 WL 2232154 * 5 (S.D. Cal. 2010) (citing 28 U.S.C. § 1367(c)). Because the complaint against the government of Guam is, not merely as a matter of pleading but on the merits, due to be dismissed, it is unnecessary at this time to address the appropriateness of the court exercising its discretion to decline the exercise of supplemental jurisdiction with respect to plaintiff's local law claims.

1170, 1192 (D. Nev. 2008) ("hiring, training, and supervision of employees usually involve policy judgments"). Ms. Hardman's boilerplate allegations of negligence in hiring, and failure to train and supervise are not actionable because the "Government of Guam shall not be liable for claims arising from an exercise of discretion in making policy." Ms. Hardman's local law claims for negligence in hiring, training and supervision contained in her ninth cause of action against the Government of Guam are due to be dismissed.

**VI. There is No Respondeat Superior Liability Under Either 42 U.S.C. § 1983 or Local Law.**

It is again unclear from the complaint, but in an abundance of caution, to the extent Ms. Hardman is asserting any claim against the Government of Guam or any named or "John Doe" defendant either individually or in their official capacity in her first two *federal* causes of action, the Government of Guam respectfully submits that respondeat superior liability is not actionable under 42 U.S.C. § 1983. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009) ("[T]here is no respondeat superior liability under § 1983.") (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.")); and *see Larrison v. Butte County Superior Court*, 2009 WL 4573281 * 2 (E.D. Cal. 2009) ("Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.") (citations omitted).

9

With respect to Ms. Hardman's *local law* claims in her third through ninth causes of action, all alleging intentional wrongdoing, Guam law is consistent with federal law that employers will not be held liable for the intentional torts of their employees on a respondeat superior theory absent personal participation by way of authorization or ratification. *See* 18 GCA § 20310 ("A principal is responsible for no other wrongs committed by his agent than those mentioned in § 20309, unless he has authorized or ratified them, even though they are committed while the agent is engaged in his services."); *and see*, *Fajardo ex rel. Fajardo v. Liberty House Guam*, 2000 Guam 4 ¶ 10 ("Our plain reading of the aforementioned statutes leads to the conclusion that if the agent is liable to the third party because of some negligent conduct committed in the scope of the agent's employment then, by operation of the doctrine of respondeat superior, the principal becomes vicariously liable to the third party. However, if the agent commits an intentional tort, then the doctrine of respondeat superior will not hold the principal vicariously liable to the third party unless the principal had authorized or ratified the conduct."). To the extent plaintiff is asserting any claim, under either federal or local law, against the Government of Guam or any named or unnamed "John Doe" defendant based on a theory of respondeat superior, those claims are due to be dismissed.

**VII. Ms. Hardman's Claims Against "John Doe" or Fictitious Party Defendants are Due to be Dismissed.**

"There is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." *Fifty Associates v. Prudential Ins. of America*, 446 F.2d 1187, 1191 (9th Cir. 1970); *accord Ray v. City of Oakland*, 2009 WL 3353460 * 5 n. 13(N.D. Cal. 2009); *Smith v. CRST Van Expedited*, Inc., 2008 WL 413946 * 1 (D.Ariz. 2008) ("The parties are reminded that the Federal Rules of Civil Procedure do not provide for the use of fictitious parties…");

*McKellip v. Las Vegas Metropolitan Police Dept.*, 2007 WL 173857 * 4 (D. Nev. 2007) ("Given the Ninth Circuit's disapproval of the naming of fictitious parties, under the authority provided by Fed.R.Civ.P. 21, this Court hereby dismisses fictitiously named Defendants Officer John Doe, Does I through X, and Roes XI through XV from this action."). Even if "John Doe" practice were not disfavored in the Ninth Circuit, plaintiff's vague and conclusory allegations of conspiracy and boilerplate negligent supervision claims do not, and as a matter of law cannot, state valid claims that would merit amendment to the complaint. Because the entirety of plaintiff's conspiracy and negligent supervision claims are due to be dismissed on other grounds, as a matter of law, the "John Doe" defendants are also due to be dismissed.

### Conclusion

Defendant Government of Guam (Guam Police Department) respectfully submits that it must be dismissed from this action; that all claims against any named defendant in his official capacity are due to be dismissed; and that all claims against any "John Doe" defendants are due to be dismissed.

Dated this 28th day of June, 2010.

                OFFICE OF THE ATTORNEY GENERAL
                **John Weisenberger**, Attorney General

By: _____
        ROBERT M. WEINBERG
        Assistant Attorney General

# CERTIFICATE OF SERVICE

    I certify that I have served a copy of the forgoing on all counsel by hand delivery, or electronically with the Clerk of Court using the CM/ECF System, or via first class mail, postage prepaid and properly addressed to the following:

Curtis Van de veld, Esq.
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Email: curtisguamlawyer@hotmail.com

F. Randall Cunliffe, Esq.
CUNLIFFE & COOK
210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Email: cclaw3@teleguam.net

this 28th day of June, 2010.

                                                    OFFICE OF THE ATTORNEY GENERAL

                                                    **ROBERT M. WEINBERG**
                                                    Assistant Attorney General