

**Office of the Attorney General**
**John Weisenberger**
Attorney General of Guam
**ROBERT M. WEINBERG**
Assistant Attorney General
287 West O'Brien Drive
Hagåtña, Guam 96910    USA
(671) 475-3324      (671) 472-2493 (Fax)
email: rweinberg@guamattorneygeneral.com
**Attorneys for defendants BENNY BABABUTA;**
**and KENNETH J.C. BALAJADIA**

# IN THE DISTRICT COURT OF GUAM

|  |  |
|---|---|
| GILLIAN MARY HARDMAN,<br>　　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT); BENNY BABABUTA; CARLO E. REYES; KENNETH J.C. BALAJADIA; et al.<br>　　　　　　Defendants. | **Civil Case No. CV 10-00010**<br><br>**MOTION TO DISMISS**<br>**BY**<br>**DEFENDANTS BENNY BABABUTA; and**<br>**KENNETH J.C. BALAJADIA** |

Pursuant to Fed.R.Civ.P., 12(b)(6), defendants BENNY BABABUTA and KENNETH J.C. BALAJADIA respectfully move the court for entry of an order dismissing the above-styled matter.

## Introduction

According to the verified complaint filed in this court, at approximately 11:00 p.m., May 25, 2008, a misdemeanor complaint of harassment was lodged with the Guam Police Department against plaintiff Gillian Hardman by her daughter, Cindy M. Hanson. *Verified Complaint*, ¶ 13.

Guam Police officers responded to Ms. Hanson's complaint against her mother by proceeding to

Ms. Hardman's home in Tumon, where one or more of the officers named as defendants here,

but otherwise not specifically identified, arrived sometime between the hours of 12:00 a.m. and

1:30 a.m. *Complaint*, ¶ 15. Ms. Hardman alleges that the unnamed officers, in conspiracy with

one another, broke into her home, which she alleges was "secured from external entry,"

*Complaint*, ¶ 20, "with no more than suspicion of Plaintiff having committed any offense greater

than a misdemeanor offense under the laws of Guam." *Complaint*, ¶ 18. Ms. Hardman alleges

that "all or some [of the officers] but within the scope of the conspiracy grabbed Plaintiff using

extreme and unnecessary force and removed Plaintiff from her residence," *Complaint*, ¶ 23,

threw her to the ground "which Plaintiff believes caused Plaintiff to suffer a broken bone in

Plaintiff's leg," *Complaint*, ¶ 24, called her a " 'crybaby' and other names," *Complaint*, ¶ 28, and

"ignored" her "pleas for medical assistance," all in violation of Ms. Hardman's rights under the

fourth, fifth, eighth and fourteenth amendments to the United States Constitution. *Complaint*, ¶¶

29 – 31.

### Standard of Review

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short
> and plain statement of the claim showing that the pleader is entitled to relief." As
> the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the
> pleading standard Rule 8 announces does not require "detailed factual
> allegations," but it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478
> U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers
> "labels and conclusions" or "a formulaic recitation of the elements of a cause of
> action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint
> suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> *Id*., at 557, 127 S.Ct. 1955.

*Ashcroft v. Iqbal*, 556 U.S. \_\_\_, \_\_\_, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).

* * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949-50 (2009) (editorial brackets in original) (citing

*Twombly*, 550 U.S. 544). The allegations of conspiracy in Ms. Hardman's complaint assert

nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements," *Twombly*, 550 U.S. at 555, nothing "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Id.* That will not be enough.

**I. The First Cause of Action in the Complaint Alleging "Violation of Civil Rights" Fails to State a Claim Under the 5th and 8th Amendments.**

Ms. Hardman has not specifically plead in her complaint that the civil rights claims

contained in her first cause of action alleging violations of the fourth, fifth and eighth

amendments, *see* Complaint ¶ 34, are brought pursuant to 42 U.S.C. § 1983, but the court can

assume they are. If Ms. Hardman is asserting some kind of due process theory of liability against

any of the named defendants, the complaint fails to state a claim cognizable under the fifth

amendment, because that amendment's "due process clause applies only to the federal

government." *Thomas v. Madera County Dept. of Corrections*, 2010 WL 1444536 * 6 n. 2 (E.D.

Cal. 2010). Officers of the Guam Police Department, a line agency within the executive branch of the government of Guam, are not agents of the federal government. *Cf.*, *Blas v. Government of Guam*, 941 F.2d 778 (9th Cir. 1991) (although the government of Guam is considered an instrumentality of the federal government for some purposes because its Organic Act is written by Congress, "we conclude that Guam is not an agency of the federal government"); and *Government of Guam v. United States,* 744 F.2d 699, 700-01 (9th Cir. 1984) ("This argument might have had merit for the period before January 4, 1971. Until that date the chief executive officer of the Government of Guam, the Governor, was appointed by the President. The executive branch of the Government of Guam in that period might have been deemed under the control of the United States… [¶] Once the Governorship of Guam was made an elected office, the United States relinquished its control over the executive of the Government of Guam. The executive branch is responsible now to the people of Guam.").

It is unclear whether Ms. Hardman's eighth amendment claim is based on her allegation of excessive force during her arrest, or the alleged denial of medical treatment when she was brought to the police station. Claims of excessive force are analyzed under the fourth and fourteenth amendments; the eighth amendment applies after conviction, not before. *See*, *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989) ("It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. After conviction, the Eighth Amendment serves as the primary source of substantive protection ... where the deliberate use of force is challenged as excessive and unjustified") (citing *Bell v. Wolfish*, 441 U.S. 520, 535-539 (1979)).

Because the eighth amendment is inapplicable to a pre-trial detainee's claims of excessive force during her arrest, perhaps Ms. Hardman's eighth amendment claim is that she

was denied requested medical attention as a pretrial detainee. If that is the case, Ms. Hardman is mistaken, for again, it is the fourteenth not the eighth amendment that applies. *See Cardenas v. City of Crescent City*, 2010 WL 2198704 (N.D. Cal. 2010) ("Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); and *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir.1991)); *see generally*, *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-43 (9th Cir. 2010). Ms. Hardman's allegations of violation of her rights under fifth and eighth amendments are due to be dismissed.

**II. Ms. Hardman's Second Cause of Action Alleging "Conspiracy to Neglect to Prevent Violation [of] Plaintiff's Civil Rights" is Barred by the Statute of Limitations.**

Ms. Hardman's second cause of action alleges that four named police officers and nine "John Doe" defendants violated her civil rights by "neglecting to prevent" a conspiracy to violate her civil rights. She invokes the court's jurisdiction pursuant to 42 U.S.C. §§ 1985 and 1986. The events alleged in complaint in this case are said to have occurred on the morning of May 26, 2008. This case was filed May 25, 2010, one day short of two years later. She has filed her lawsuit too late.

Action for neglect to prevent.

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the

5

benefit of the next of kin of the deceased. **But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.**

42 U.S.C. § 1986 (emphasis added). On its face, plaintiff's second cause of action alleging an action for "neglect to prevent" is time-barred. Her second cause of action must be dismissed.

### III. Conclusory Allegations of Conspiracy Fail to State a Claim.

Even if Ms. Hardman's § 1986 claim were not time barred, the complaint's conclusory allegations of conspiracy to violate her civil rights is factually, and therefore legally, inadequate to support a conspiracy claim under § 1985. There are, in fact, *no* facts asserted in the complaint that would tend to demonstrate who, what, when and how any named defendant committed any particular act in furtherance in any kind of conspiracy, other than one or more were present, although she does not say who.

> Plaintiff's allegation that Defendants conspired to deprive [her] of constitutional rights lacks the factual specificity required to properly plead a conspiracy to violate civil rights. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir.1988) ("A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984); *Burnett v. Short*, 441 F.2d 405, 406 (5th Cir.1971))). Plaintiff's claims fail even to put Defendants on notice of who entered the alleged conspiracy, when, what acts were committed in furtherance of the conspiracy, and how those acts harmed Plaintiff. *See Id.*; *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir.1990) ("A mere allegation of conspiracy without factual specificity is insufficient to support a claim.")

*MacEachern v. City of Manhattan Beach*, 623 F.Supp.2d 1092, 1109 (C.D. Cal. 2009). Whether under 42 U.S.C. § 1985(3) or § 1983, conclusory allegations of conspiracy are not enough.

> Plaintiff can also bring her conspiracy claim directly under Section 1983. To establish a claim for conspiracy under Section 1983, Plaintiff must demonstrate "an agreement or 'meeting of the minds' to violate constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). Further, "[t]o state a claim for conspiracy to violate one's constitutional rights under section 1983, the

6

plaintiff must state specific facts to support the existence of the conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989) (citing *Coverdell v. Dep't of Social and Health and Services*, 834 F.2d 758, 769 (9th Cir.1987)); *see also*, *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir.2002) (" 'complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct' ")(quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir.1993)).

*Id.*, 623 F.Supp.2d 1110 (editorial brackets in original). *See Darden v. Secure Horizons*, 246 Fed.Appx. 441, 2007 WL 2461833 (9th Cir. 2007) ("The district court also properly dismissed [plaintiff's] claims under 42 U.S.C. §§ 1985 and 1986 because his conclusory allegations of conspiracy lacked specificity.") (citing *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988)); and *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (conclusory allegations of conspiracy are insufficient); *Han v. Department of Justice*, 824 F.Supp. 1480, 1492 (D. Hawaii1993).

Finally, beyond her failure to allege any *facts* in support of any kind of conspiracy as required by Ninth Circuit precedent, Hardman has failed to allege a critical element of any civil rights conspiracy. She has failed to allege racial or class-based animus.

> Defendants also contend that Wells has failed to plead his conspiracy claim with sufficient specificity. Under § 1985, "[a] mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988). The elements of a § 1985(3) claim are (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir.1998). In addition, an indispensable element of the conspiracy claim is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

*Wells v. Board of Trustees of California State University*, 393 F.Supp.2d 990, 996 (N.D. Cal. 2005) (editorial brackets in original). Considering that the complainant in this case that brought

the police to Hardman's door was Hardman's own daughter, *see* Complaint ¶ 13 ("Plaintiff was reported by her daughter Cindy M. Hanson to have committed a misdemeanor offense of harassment against Ms. Hanson on or about 11:00 p.m. on May 25, 2008."), Ms. Hardman will be hard pressed to assert any kind of racial, or other "class-based, invidiously discriminatory animus behind the conspirators' action" in this case. She has certainly made no allegation that she was treated differently on account of her race or other suspect classification.

**IV. The Claims Against Defendants Sued in their Official Capacities Fail to State a Claim for Damages Under 42 U.S.C. § 1983.**

It is unclear from the complaint, but if Ms. Hardman is claiming damages from the Government of Guam and defendants in their official capacities for violation of her civil rights, those claims are due to be dismissed. First, the Government of Guam, its agencies and instrumentalities are entitled to sovereign immunity, *see Marx v. Government of Guam*, 866 F.2d 294 (9th Cir. 1989) (dismissing in rem admiralty proceeding against Government of Guam on the basis of Guam's inherent sovereign immunity); *Munoz v. Government of Guam*, 625 F.2d 257 (9th Cir. 1980) (in action against Government of Guam for intentional torts by police officer, Guam is immune) ("Clearly, Guam has not waived its immunity with respect to intentional torts committed by its employees. Because appellants alleged and the evidence showed an intentional tort only, the decision of the district court [dismissing the Government of Guam] must be affirmed."); *accord*, *Crain v. Government of Guam*, 195 F.2d 414, 415 (9th Cir. 1952) (sovereign immunity barred suit "against the Government of Guam, the sole defendant, for a declaratory judgment of their rights, and those of other Guamanians similarly situated, under Section 31 of the Organic Act of Guam, 48 U.S.C.A. § 142li").

8

Second, the Government of Guam, its instrumentalities and agencies, as well as its officers sued in their official capacities, are not considered "persons" u 42 U.S.C. § 1983 in a suit for damages. *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("We hold that neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983."); *Kitano v. Guam Territorial Parole Board*, 2007 WL 1795544 * 2 (D.Guam 2007) ("It is settled law that Guam, its governmental entities, and officials sued in their official capacities are not 'persons' within the meaning of § 1983 and cannot be held liable for money damages under 42 U.S.C. § 1983.") (citing *Ngiraingas*, 495 U.S. 182, 191-192); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1991) (Guam is not a "person" under § 1983, citing *Ngiraingas*).

Third, Ms. Hardman's statement of jurisdiction at ¶ 1 of her complaint cites only federal jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1343; and 42 U.S.C. §§ 1985 and 1986. If she is claiming that her 42 U.S.C. § 1983 claims encompass the common torts under local law asserted in her third through ninth causes of action, she has failed to state a claim. *See Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) ("Section 1983, however, only creates a cause of action for violations of the federal 'Constitution and laws … To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.' ") (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *accord Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). If Ms. Hardman is asserting any other basis for the court's exercise of jurisdiction over local law torts, then she must amend her complaint.

9

**V. Plaintiff's Local Law Claims Contained in her Third through Eighth Causes of Action are Due To Be Dismissed.**

Ms. Hardman's third through eighth causes of action assert claims for invasion of privacy; battery; assault; trespass; false arrest; false imprisonment. In her ninth cause of action, she asserts a claim of negligent employment against the government of Guam alone. Those claims are based on local, not federal, law, and Ms. Hardman has failed to state or otherwise identify the statutory or other basis of this court's jurisdiction over these claims. Despite plaintiff's failure to comply with the rules of court, those claims are due to be dismissed.[*]

**VI. As a Matter of Guam Law, Ms. Hardman Cannot Maintain an Action Against the Government of Guam Under Guam's Government Claims Act Claim and Against Individual Employees Allegedly Liable for the Violation or Injury at the Same Time.**

"A federal court sitting in diversity or exercising supplemental jurisdiction over state law claims must apply state substantive law, but a federal court applies federal rules of procedure to its proceedings." *Baumhover v. North Bend Medical Center, Inc.*, 2008 WL 2874831 * 4 n. 5 (D. Or. 2008) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415 (1996)). "Generally, a federal court is bound to apply state substantive law to state causes of action before the court under supplemental jurisdiction." *White v. Sabatino*, 526 F.Supp.2d 1135, 1141 (D. Hawai'i 2007). Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "when a federal court exercises diversity or pendent [now supplemental] jurisdiction over state-law claims, 'the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the

---

[*] The local rules of court, LR 10.1(a), states, "Each complaint, petition, counter-claim and cross-claim shall state in a separate paragraph entitled "jurisdiction" the statutory or other basis for jurisdiction and the facts supporting jurisdiction." *See also*, Fed.R.Civ.P., Rule 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). Despite her failure to comply with the local rules and federal rules of procedure, plaintiff presumably invokes this court's jurisdiction over her local law claims pursuant to 28 U.S.C. § 1367(a), which provides "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

outcome of a litigation, as it would be if tried in a State court.' " *Felder v. Casey*, 487 U.S. 131, 151 (1988) (Wisconsin notice-of-claim rules for suits against the government inapplicable to claims brought pursuant to 42 U.S.C. § 1983, but do apply to state law claims) (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945)); *see also*, *Aarlie v. Akins*, 2007 WL 1412757 (E.D. Wash. 2007).

At ¶ 3 of her complaint, Ms. Hardman alleges compliance with Guam's Government Claims Act, 5 GCA § 6101, *et seq.*, a statutory prerequisite to waiver of Guam's sovereign immunity on claims of negligence and breach of contract, which she later presents in her ninth cause of action entitled "Negligent Employment" solely against the Government of Guam. *See Complaint*, ¶¶ 3, 8, 11, 12, 65 – 70. Guam law provides: "The filing of a suit under this Chapter against the government of Guam or against any specific entity thereof shall suspend any proceedings against individual employees alleged to be liable in the same action until such time as the suit against the government of Guam or against any specific entity thereof has been brought to final judgment." 5 GCA § 6212(a). In the *Erie* analysis, § 6212(a) is no mere procedural rule governing the presentment of claims in local courts; it affects the plaintiff's substantive rights of recovery. Guam law states, "Satisfaction of a settlement with or of a judgment against an employee of the government shall constitute a forfeiture by the claimant of all rights against the government by reason of the same subject matter." 5 GCA § 6212(c). Local law therefore prohibits recovery against government employee and employer in the same action "by reason of the same subject matter." The plaintiff must thus make a choice. Either the claims in her third through eighth causes of action are suspended "until such time as the suit against the government of Guam or against any specific entity thereof [in her ninth cause of action] has been brought to final judgment," or, if she intends to proceed against the individual police officers in

11

this action, she must dismiss her Government Claim. Because as a matter of substantive local law, if those claims against the officers are permitted to proceed to settlement or judgment, then "all rights against the government by reason of the same subject matter" are forfeit.

**VII. Reservation of Right to Plead Qualified Immunity and Immunity Under Local Law.**

Because of the deficiencies in the complaint, defendants are unable at this time to present argument with respect to the defense of qualified immunity. *See generally*, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). This is due in part because plaintiff's complaint fails to articulate facts with sufficient specificity to support its conclusory conspiracy claims in her first two federal causes of action. Also at this time, plaintiff's original complaint omits critical facts which would permit defendants to address the applicability of immunity from suit on her claims of false arrest and false imprisonment under local law. *See* 8 GCA § 20.15(b) ("There shall be no civil liability on the part of, and no cause of action shall arise against, a peace officer for false arrest or false imprisonment for an arrest which is lawful under Subsection (a)."). Defendants expressly reserve the right to assert all applicable immunities should plaintiff be allowed to amend her complaint.

### Conclusion

Pursuant to Fed.R.Civ.P., 12(b)(6), defendants BENNY BABABUTA and KENNETH J.C. BALAJADIA respectfully move the court for an order of dismissal from the above-styled matter.

Dated this 28th day of June, 2010.

OFFICE OF THE ATTORNEY GENERAL
**John Weisenberger**, Attorney General

By: _____
    ROBERT M. WEINBERG
    Assistant Attorney General

12

# CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on all counsel by hand delivery, or electronically with the Clerk of Court using the CM/ECF System, or via first class mail, postage prepaid and properly addressed to the following:

Curtis Van de veld, Esq.
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Email: curtisguamlawyer@hotmail.com

F. Randall Cunliffe, Esq.
CUNLIFFE & COOK
210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Email: cclaw3@teleguam.net

this 28th day of June, 2010.

**Office of the Attorney General**

**Robert M. Weinberg**
Assistant Attorney General

13