
1

**THE VANDEVELD LAW OFFICES, P.C.**
*Mr. Curtis C. Van de veld, Esq.*
Restored Historic Dungca House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Telephone: Hagåtña Office 671.472.4396
   Home Office 671.477.2020
   Cellular 671.488.0888
   Facsimile: (671) 472-2561
Email: curtis@vandeveldlawguam.com or
   curtisguamlawyer@hotmail.com

**Attorney for Plaintiff:**
 *GILLIAN MARY HARDMAN*

# IN THE UNITED STATES OF AMERICA

# DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| GILLIAN MARY HARDMAN | ) | Civil Case No. CV10-00010 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| | ) | **AND DEMAND FOR TRIAL BY JURY** |
| GOVERNMENT OF GUAM (GUAM POLICE | ) | |
| DEPARTMENT), BENNY T. BABAUTA, CARLO | ) | |
| E. REYES, and KENNETH J.C. BALAJADIA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

COMES NOW, plaintiff GILLIAN MARY HARDMAN, with and through counsel, THE VANDEVELD LAW OFFICES, P.C., by Mr. Curtis C. Van de veld, Esq., to allege a Verified Complaint for Damages against defendants GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), BENNY T. BABAUTA, CARLO E. REYES, and KENNETH J.C. BALAJADIA as follows:

## JURISDICTION

1.     The United States of America, District Court of Guam is vested with the authority to hear and resolve the causes of action raised in this Complaint For Damages by Title 28 United States Code §1331 (Federal Question), and Title 28 U.S.C. §1343 (Civil Rights), and Title 42 United States Code §1985 (Conspiracy to interfere with civil rights), Title 42 United States Code §1986 (Action for neglect to prevent), and Title 42 United States Code §1988 (Proceedings in vindication of civil rights) which under this section includes common law claims available within the locus of the District Court. The District Court of Guam has pendent jurisdiction over the common law claims made herein under 28 United States Code §1367.

## PARTIES

2.     Plaintiff GILLIAN MARY HARDMAN, is and was at all times herein relevant to this Complaint, a natural person over the age of majority born April 1945 and a resident of Guam.

3.     Defendant GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT) (hereinafter referred to as "government of Guam") is and was at all times relevant to this Complaint, a unincorporated territory of the United States of America created by virtue of Title 48 United States Code §1421a. As to all claims herein made against Defendant GovGuam, Plaintiff alleges that Plaintiff has complied with the requirements of Title 5

Guam Code Annotated Chapter 6, Articles 1 and 2 and Defendant GovGuam has denied liability by letter dated January 28, 2010.

4.    Defendant BENNY T. BABAUTA (hereinafter referred to as "Babauta") is and was at all times relevant to this Complaint, a natural person over the age of majority, an employee of Defendant GovGuam and a person employed thereby as a Police Officer.

5.    Defendant CARLO E. REYES (hereinafter referred to as "Reyes") is and was at all times relevant to this Complaint, a natural person over the age of majority, an employee of Defendant GovGuam and a person employed thereby as a Police Officer.

6.    Defendant KENNETH J.C. BALAJADIA (hereinafter referred to as "Balajadia") is and was at all times relevant to this Complaint, a natural person over the age of majority, an employee of Defendant GovGuam and a person employed thereby as a Police Officer.

**FACTS COMMON TO ALL CLAIMS**

7.    Plaintiff incorporates here, as though fully set forth, all of the allegations contained in paragraphs 1 through 6.

8.    Defendants Babauta, Reyes, and Balajadia, are collectively referred to herein as "Defendant Police Officers."

9.    Defendant government of Guam was the employer of Defendant Police Officers and is liable herein for the negligent actions of Defendant Police Officers under the doctrine of Respondeat Superior.

10.     On May 25, 2008, Plaintiff's daughter Cindy M. Hanson reported to police that Plaintiff committed a misdemeanor offense of harassment against Ms. Hanson at or about the time of 11:00 p.m. that day.

11.     Based on Ms. Hanson's complaint, Defendant Police Officers, acting in concert with one another, performed the actions as hereinafter complained to injure Plaintiff.

12.     At or about the hours of 12:00 to 1:30 a.m. on the morning of May 26, 2008, Defendants Babauta and Reyes came to the residence of Plaintiff.

13.     At the time referenced in paragraph 12, the home of Plaintiff was located at 136 Mamis Street in Tumon, Guam.

14.     At the time referenced in paragraph 12, Plaintiff's home was closed and secured from entry into the home by person outside thereof. The windows were all closed and secured from being able to be opened from the outside of the residence and all the doors to the home were closed and secured from being able to be opened from the outside of the home.

15.     At the time referenced in paragraph 12, Defendants Babauta and Reyes arrived at Plaintiff's home with no more than suspicion of Plaintiff having committed any offense greater than a misdemeanor offense under the laws of Guam.

16.     At the time referenced in paragraph 12, Defendants Babauta and Reyes entered Plaintiff's home without permission from Plaintiff.

17.     At the time referenced in paragraph 12, Defendants Babauta and Reyes through use of force broke open the door to the residence at the rear of the home to affect their entry.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

18.     After Defendants Babauta and Reyes entered into Plaintiff's home they found Plaintiff in her bedroom

and began to confront Plaintiff. Plaintiff asked Defendants Babauta and Reyes to present Plaintiff with an

arrest warrant or search warrant and was told by Defendants Babauta and Reyes to shut up.

19.     After Plaintiff was confronted Defendants Babauta and Reyes, Plaintiff left her bedroom and attempted

to use the in Plaintiff's residence to place a telephone call to her attorney for assistance believing that

Defendants Babauta and Reyes were acting in violation of Plaintiff's rights.

20.     After the acts heretofore set forth in paragraphs 12 through 19, Defendants Babauta and Reyes

grabbed Plaintiff using extreme and unnecessary force and removed Plaintiff from her residence.

21.     During the acts complained of in paragraphs 12 through 20 and while Plaintiff was in the exclusive

control of Defendants Babauta and Reyes, Plaintiff was either dropped or thrown to the ground outside her

residence on the cement driveway which Plaintiff believes caused Plaintiff to suffer a broken bone in Plaintiff's

leg.

22.     At the time referenced in paragraph 21, Plaintiff was caused to suffer physical injuries, including the

broken bone in her leg, all of which caused Plaintiff to suffer great pain and discomfort.

23.     After the acts heretofore set forth in paragraphs 12 through 22, Defendants Babauta and Reyes

placed Plaintiff into a police vehicle and began to transport Plaintiff away from her home.

24.     After being placed into the police vehicle for transport, Plaintiff complained to Defendants Babauta

and Reyes that she was in great pain and in need of medical attention.

25. After being informed by Plaintiff of the circumstances alleged in paragraph 24, Defendants Babauta and Reyes called Plaintiff a "crybaby" and other names and engaged in oral abuse of Plaintiff.

26. After the acts alleged in paragraphs 12 through 25, Defendants Babauta and Reyes ignored Plaintiff's pleas for medical assistance and instead of taking Plaintiff to the Guam Memorial Hospital took Plaintiff to the Hagåtña Precinct.

27. At no time during the acts alleged in paragraphs 12 through 26 did either of Defendants Babauta or Reyes obtain proper legal permission as required by the Fourth Amendment of the United States Constitution and the Organic Act of Guam, Bill of Rights [48 USC §1421b(c)] to enter upon the property of Plaintiff, to break open Plaintiff's home, to enter into Plaintiff's home or to arrest Plaintiff while Plaintiff was in her home.

28. During the early morning hours of October 26, 2008, Defendants Babauta and Reyes caused Plaintiff to suffer serious injuries and caused Plaintiff to endure severe pain while in the exclusive custody and control of Police Officer Defendants Babauta and Reyes, and Defendants Babauta and Reyes denied providing medical treatment to Plaintiff for an unreasonable period of time, thus violating Plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the Organic Act of Guam, Bill of Rights [48 USC §1421b(c), (e), (f), (h), and (u).

**FIRST CAUSE OF ACTION**

**Count I - Taking By Government Without Just Compensation.**

29. Plaintiff incorporates here by this reference all the allegations of paragraphs 7 through 28 as though such allegations were fully set forth here.

----------------------------------------------------------------

30.     The <u>United States' Constitution, Fifth Amendment</u> and the <u>Organic Act of Guam, Bill of Rights</u> [48 USC § 1421b(f)], prohibit the taking of private property without just compensation.

31.     By the breaking open of Plaintiff's home, Defendants Babauta and Reyes caused permanent damage to the door of the home and rendered such door valueless constituting a taking thereof.

32.     The door was private property of Plaintiff, and Plaintiff has been caused by the actions theretofore alleged to have to replace the door at Plaintiff's expense and without Defendants Babauta, Reyes or their employer, government of Guam making just compensation to Plaintiff for the property taken.

33.     At the time of the taking, Defendants Babauta and Reyes were acting under color of authority given to them by Defendant government of Guam and as employees of the government of Guam.

34.     Defendants Babauta and Reyes acted negligently or intentionally in making the taking of Plaintiff's property and as employees of Defendant government of Guam and therefore Defendant government of Guam is liable for the taking by property damage committed by Defendants Babauta, Reyes and government of Guam as herein complained for which Plaintiff is entitled to be compensated in an amount to be proven at time of trial.

### Count II - Violation Of Plaintiff's Right To Be Secure In Her Home.

35.     Plaintiff incorporates here by this reference all the allegations of paragraphs 7 through 28 as though such allegations were fully set forth here.

36.     Plaintiff has a right existing under the <u>United States Constitution, Fourth Amendment</u> and the <u>Organic Act of Guam, Bill of Rights</u> [48 USC §1421b(c)] to be secure in her home. By either the intentional act or the

1  neglect of Defendants Babauta and Reyes, as employees of Defendant government of Guam, Plaintiff was

2  denied the security in her home to which she was entitled.

3

4  37.    By such negligence, if any, the government of Guam is liable for the acts of its employees under the

5  doctrine of respondeat superior for the negligence of Defendants Babauta and Reyes in breaking and/or

6  entering into the home of Plaintiff.

7

8  38.    The actions of Defendants Babauta and Reyes as heretofore alleged pertaining to the breaking and

9  entering into the home of Plaintiff without a warrant of arrest or search warrant were either intentionally or

10  negligently done by Defendants Babauta and Reyes and such acts and omission to act were in violation of

11  Plaintiff's rights to be secure in her home as contained in the United States Constitution, Fourth Amendment

12  and the Organic Act of Guam, Bill of Rights [48 USC § 1421b(c)] and which actions and omissions of action

13  did directly and proximately cause Plaintiff to suffer damage for which Plaintiff is entitled to compensation in an

14

15  amount to be proven at time of trial.

16  **Count III – Violation Of Right To Be Free From Excessive Punishment.**

17

18  39.    Plaintiff incorporates here by this reference all the allegations of paragraphs 7 through 28 as though

19  such allegations were fully set forth here.

20  40.    Plaintiff has a right existing under the United States Constitution, Eighth Amendment and the Organic

21  Act of Guam, Bill of Rights [48 USC §1421b(h)] to be secure in her home. By either the intentional act or the

22  neglect of Defendants Babauta and Reyes, as employees of Defendant government of Guam, Plaintiff was

23

24  denied Plaintiff's right to be free from excessive punishment by being either intentionally or negligently denied

25

medical treatment within a reasonable time for the injuries Plaintiff sustained while in the exclusive custody of

Defendant government of Guam through Defendants Babauta, Reyes and Balajadia.

as contained in the United States Constitution, Fourth Amendment and the Organic Act of Guam, Bill of

Rights [48 USC § 1421b(c)] and which actions and omissions of action did directly and proximately cause

Plaintiff to suffer damage for which Plaintiff is entitled to compensation.

41.     By such negligence, if any, the government of Guam is liable for the acts of its employees under the

doctrine of respondeat superior for the negligence of Defendants Babauta and Reyes in denying Plaintiff

reasonable medical attention within a reasonable time for injuries Plaintiff suffered in the exclusive custody of

Defendant government of Guam through Defendants Babauta, Reyes and Balajadia, including while at the

Hagatna Precinct.

42.     The acts and omissions to act as heretofore alleged in paragraphs 39 through 41, directly and

proximately caused Plaintiff to suffer damages for which Plaintiff is entitled to be compensated in an amount to

be proven at time of trial.

### Count IV – Violation Of Plaintiff's Civil Rights [42 U.S.C. §1983].

43.     Plaintiff incorporates here by this reference all the allegations of paragraphs 7 through 42 as though

such allegations were fully set forth here.

44.     To the extent that it is proved at time of trial that the actions as heretofore alleged to have been

performed by Defendants Babauta, Reyes and Balajadia were done intentionally, rather than negligently, the

actions of Defendants Babauta, Reyes and Balajadia were outside their scope of employment and their Official

capacities as officers of Defendant government of Guam and denied to Plaintiff, Plaintiff's civil rights.

45.     These acts violated the Constitutional and other civil rights of Plaintiff under federal laws and under

42 USC § 1983, Defendants Babauta, Reyes and Balajadia are liable to Plaintiff for all damages which

Plaintiff has directly and proximately suffered in an amount to be proven at time of trial.

### SECOND CAUSE OF ACTION

#### Battery of Plaintiff

46.     Plaintiff here incorporates all the allegations of paragraphs 42 through 47 as though fully set forth

here.

47.     Defendants Babauta and Reyes had a duty not to intentionally cause harm to Plaintiff under federal

and local law.

48.     Defendants Babauta and Reyes breach that duty by throwing Plaintiff to the ground, banging her

head on the door-jam to the patrol car in which Plaintiff was transported as heretofore alleged and by such

actions caused Plaintiff to suffer a harmful or offensive touching as such acts caused Plaintiff to suffer great

physical and mental pain and discomfort, all in violation of the criminal code of Guam, 9 GCA §19.20 had

such conduct been criminally charged.

49.     The acts and omissions to act of Defendants Babauta and Reyes, were done maliciously and

oppressively as they intended to impose punishment on Plaintiff for the crime reported by Cindy Hanson and

as encouraged to so act by Defendant Balajadia.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

50.     As a direct and proximate result of the acts and omissions to act of Defendants Babauta, Reyes and Balajadia, Plaintiff has suffered physical injuries, pain and suffering as herein alleged and is entitled to compensation for such damages in an amount to be proven at time of trial.

## THIRD CAUSE OF ACTION

## ASSAULT

51.     Plaintiff here incorporates all the allegations of paragraphs 7 through 50 as though fully set forth here.

52.     Defendant Babauta and Reyes caused Plaintiff to suffer a harmful and/or offensive contact in the course of the acts and omissions to act as herein alleged, all in violation of the criminal code of Guam, 9 GCA §19.20 had such conduct been criminally charged, producing serious bodily injury to Plaintiff as well as great physical and mental pain and anguish to be suffered by Plaintiff.

53.     Immediately prior to the acts of Defendants as herein complained, Plaintiff anticipated that such actions would imminently occur by the hostile and brutal force used upon Plaintiff by Defendants Babauta and Reyes.

54.     Plaintiff directly and proximately suffered damage as alleged in paragraph 53 all to Plaintiff's detriment in an amount to be proven at time of trial.

## FOURTH CAUSE OF ACTION

## TRESPASS

55.     Plaintiff here incorporates all the allegations of paragraphs 7 through 28 as though fully set forth here.

--------------------------------------------------------------------------------------------------

56.     Defendants Babauta and Reyes entered upon the property of Plaintiff at a time when said Defendants

knew that they were not licensed or privileged to enter.

57.     Defendants Babauta and Reyes entered into Plaintiff's residence at a time when said Defendants

knew that they were not licensed or privileged to enter as Plaintiff's residence was secured from entry by

breaking and entering into such premises.

58.     As a direct and proximate result of the acts and omissions to act of said Defendants, Plaintiff was

caused to suffer damage to Plaintiff's property and person in the form of emotional distress, anxiety,

humiliation, loss of solitude, physical harm and other damages for medical expenses, and out of pocket costs,

all in an amount to be proven at time of trial.

## FIFTH CAUSE OF ACTION

## FALSE ARREST

59.     Plaintiff here incorporates all the allegations of paragraphs 7 through 28 as though fully set forth here.

60.     At the time that Defendants Babauta and Reyes arrested Plaintiff, Defendants Babauta and Reyes

knew that they lacked probable cause to make such an arrest for any violation of the laws of Guam.

61.     At the time of the acts and omissions to act as alleged in paragraphs 58 and 59, said Defendants

lacked legal authority to break and enter Plaintiff's home for the purpose of affecting an arrest.

62.     The acts and omissions to act of said Defendants as alleged in paragraphs 58 through 60, directly

and proximately caused Plaintiff to suffer humiliation, embarrassment, loss of reputation, emotional distress,

physical injury and illness, incurrence of legal costs of defense and other injuries all to Plaintiff's detriment in a form and amount to be proven at time of trial.

## SIXTH CAUSE OF ACTION

## FALSE IMPRISONMENT

63.     Plaintiff here incorporates all the allegations of paragraphs 7 through 28 as though fully set forth here.

64.     Defendants Babauta and Reyes forcibly removed Plaintiff from where Plaintiff had volitionally been (Plaintiff's home) and removed her to places elsewhere including the Hagatna Precinct and confined Plaintiff to certain locations against Plaintiff's will, all to Plaintiff's detriment and injury.


        WHEREFORE plaintiffs prays to this honorable court for the following relief from all Defendants jointly and severally according to proof at time of trial and any limitation of damages at law:

I.     Full and complete compensatory damages according to proof at time of trial;

II.    Costs of suit;

III.   Attorney's fees and legal expenses;

IV.    Such other and further relief not specifically requested herein which the court determines it is just and proper to award to Plaintiff in equity or at law upon hearing and determining the claims in this matter which may be further requested at time of trial.

## DEMAND FOR JURY TRIAL

        Plaintiff hereby demands a trial by jury of all issues triable thereto as alleged in this case.

---

DATED: this 19th day of August 2010.

THE VANDEVELD LAW OFFICES, P.C.

Mr. Curtis C. Van de veld, Esq.

Attorney for plaintiff

GILLIAN MARY HARDMAN