THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Restored Historic Dungca House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Telephone: Hagåtña Office 671.472.4396
          Home Office 671.477.2020
          Cellular 671.488.0888
          Facsimile: (671) 472-2561
Email: curtis@vandeveldlawguam.com or
       curtisguamlawyer@hotmail.com

**Attorney for Plaintiff:**
*GILLIAN MARY HARDMAN*

FILED
DISTRICT COURT OF GUAM
SEP 16 2010
JEANNE G. QUINATA
CLERK OF COURT

## IN THE UNITED STATES OF AMERICA

## DISTRICT COURT OF GUAM

| | |
|---|---|
| GILLIAN MARY HARDMAN ) | Civil Case No. CV10-00010 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPPOSITION TO MOTION TO DISMISS FIRST** |
| ) | **AMENDED COMPLAINT by the GOVERNMETN OF** |
| GOVERNMENT OF GUAM (GUAM POLICE ) | **GUAM AND ALTERNATIVE MOTION FOR LEAVE** |
| DEPARTMENT), BENNY T. BABAUTA, CARLO) | **TO AMEND and OPPOSITION TO MOTION TO** |
| E. REYES, KENNETH J.C. BALAJADIA, ) | **SUSPEND PROCEEDINGS AGAINST INDIVIDUAL** |
| JOSEPH B. TENORIO and other coconspirators ) | **DEFENDANT CARLO E. REYES** |
| DOES 1 through 9, ) | |
| ) | |
| Defendants. ) | |
| ) | |

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
OPPOSITION TO MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND     **Page 1**

Case 1:10-cv-00010  Document 25  Filed 09/16/10  Page 1 of 7

COMES NOW, plaintiff GILLIAN MARY HARDMAN, with and through counsel, THE VANDEVELD LAW OFFICES, P.C., by Mr. Curtis C. Van de veld, Esq., to oppose the motions to dismiss filed by defendants GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), BENNY T. BABAUTA, CARLO E. REYES, and KENNETH J.C. BALAJADIA as hereinafter set forth and to move the court pursuant to FRCP Rule 15 for leave to amend Plaintiff's complaint.

## STANDARD OF PLEADING

Plaintiff agrees that the standard of pleading set forth in the motion of Defendant government of Guam under the caption "Standard of Review" on pages 1 and 2 correctly identifies the standard of pleading that a Plaintiff bears. However, contrary to the assertions of Defendant government of Guam, the plaintiff has met her burden.

### Plaintiffs Theories Of Liability Are Sufficiently Pled.

Plaintiff's complaint contains the following theories of liability:

First Cause of Action (hereinafter similarly designated "1st COA") is divided into counts 1-IV.

Common to all counts are the facts alleged in paragraph 9, "Defendant government of Guam was the employer of Defendant Police Officers and is liable herein for the negligent actions of Defendant Police Officers under the doctrine of Respondeat Superior. The government of Guam has waived sovereign immunity for acts of negligence. See 5 GCA §6105Waiver of Immunity. Each of counts I, II, and III plead in the alternative the acts were either negligently or intentionally performed by Defendants Babauta, Reyes and Balajadia. The allegations of paragraph 34 of the Complaint makes this abundantly clear stating, *"Defendants Babauta and Reyes acted negligently or intentionally in making the taking of Plaintiff's property and as employees of Defendant government of Guam and therefore Defendant government of Guam is liable for the taking by property damage committed by Defendants Babauta, Reyes and government of Guam as herein complained for which Plaintiff is entitled to be compensated in an amount to be proven at time of trial."* This allegation is incorporated into each claim.

As to Count I paragraph 33, provides *"At the time of the taking, Defendants Babauta and Reyes were acting under color of authority given to them by Defendant government of Guam and as employees of the government of Guam."*

---
GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
OPPOSITION TO MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND   **Page 2**

Case 1:10-cv-00010 Document 25 Filed 09/16/10 Page 2 of 7

### 1ˢᵗ COA Counts I, II And III Are Claims Based On Federal Statute.

Counts I, II and III are based on federal statute. Each incorporates a portion of the Organic Act, Bill of Rights - 48 USC §1421b. Count I is based on provision (f) thereof, Count II is based on provision (c) and Count III is based on provision (h). Each of these causes of action is predicated on an implied right of recovery not based on 42 United States Code §1983, as only Count IV is based on that code provision.

In the case of Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) the United States Supreme Court instructed that in determining whether a federal statute provided a private right of action to remedy the violation, the court is to consider four factors, (1) whether the plaintiff is part of the class for whose benefit the especial benefit the statute was enacted; (2) the evidence of legislative intent, explicit or implicit, either to create such a remedy or to deny one; (3) whether inferring such a right is consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law. *Id.*, at 78.

Under the Cort, supra, factors Plaintiff may seek redress of her injuries in violation of the Bill of Rights. The Bill of Rights applies to those persons who inhabit the island of Guam and Plaintiff is within that class of persons. Plaintiff is unable to find reference to the legislative intent as to creation of a private cause of action however the language of the statutory scheme would be superfluous without right of remedy for violation and inferring such right of action is consistent with the underlying purposes of the legislative scheme, as the rights are conferred under the Organic Act, it is not within the authority of Guam to exempt itself from being bound to comply with the law and therefore not a matter traditionally relegated to state law to provide a cause of action for enforcement. It is equally clear that since the government was the likely entity to violate such rights that the law did not depend on the government to enforce the rights of the injured.

### Sovereign Immunity No Bar To Claims

Whether or not Guam must comply with the Organic Act Bill of Rights is not discretionary to Guam. Sovereign immunity does not prevent such right of action. The sovereign immunity Guam enjoys is not derived from the United States Constitution Eleventh Amendment. Rather, the sovereign immunity Guam may assert is found in Kawananakoa v. Polybank, 205 US 349, 353, 27 SCt 526, 527 51 L.Ed. 834 (1907) wherein the United States Supreme Court stated,

---

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
OPPOSITION TO MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND          Page 3

> *Some doubts have been expressed as to the source of the immunity of a sovereign power from suit without its own permission, but the answer has been public property since before the days of Hobbes v. Leviathan, chp. 26, 2. A sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends ... As the ground is thus logical and practical, the doctrine is not confined to powers that are sovereign in the full sense of juridical theory, but naturally is extended to those that, in actual administration, originate and change at their will the law of contract and property, from which persons within the jurisdiction derive their rights.*

See, Marx v. Government of Guam, 866 F.2d 294 citing, Kawananakoa v. Polybank, 205 US 349, 353, 27 SCt 526, 527 51 L.Ed. 834 (1907).

As the rights sought to be remedied do not flow from the laws that Guam is alone allowed to '*change at their will*' it cannot avoid its duty to comply with these provisions of law. These rights were created by the authority that created Guam and rather than being given to Guam as an entity to extend were extended to the people by the US Congress. These claims as found in 1st COA Counts I, II and III are not appropriate for dismissal. Should the court find that the claims of the Eighth Amendment violation are misplaced, then the Fourth and Fourteenth Amendments should be allowed to be amended to replace that basis and leave granted to do so or the court may do so by interlineations.

The Taking Claim of the 1st COA Count I is ripe for remedy. Defendant does not cite any statutory scheme with which Plaintiff has not complied in order to make her claim ripe. If the statutory scheme for seeking relief is that under the government claims act, which Plaintiff disputes, then Plaintiff has complied. Defendant cites to the holding of this court in the matter of Gange v. Government of Guam, 2010 WL 3294712, for support that the instant matter is not ripe. There are significant differences in the facts of the matters. The Gange case involves real property, governed by a statutory scheme set forth in 7 GCA §11311.1 which deals exclusively with the taking of real property. No similar scheme for taking of personal property is cited by movant. In the instant matter no citation to a local statutory scheme for seeking compensation for a taking of personal property is cited as having failed to be exhausted by Plaintiff. As the Court of Appeals for the Ninth Circuit explained in Sinalao Lake Owners Association v. City of Simi Valley, 864 F.2d 1475 (9th Cir.

---
GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
OPPOSITION TO MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND          **Page 4**

Case 1:10-cv-00010   Document 25   Filed 09/16/10   Page 4 of 7

1989), Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) places two hurdles in the way of a taking claim brought in federal court against **states and their political subdivisions**. First, ... a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. ... as we held in Hall, however, Williamson County's final decision requirement is inapplicable in cases of a physical invasion. 883 F.2d at 1282 n. 28. ... The Second, and independent hurdle established by Williamson County requires plaintiffs to "seek compensation through the procedures the State has provided for doing so" before turning to the federal courts."

Guam is not a state. It does not derive its powers from its own constitution created by its own people, which independent authority of law is deferred to out of principles of comity and respect. Further, Guam has not created any process of local law to address the taking of personal property by the government of Guam. Lastly, the right asserted in the taking claim emanates from federal authority not exclusively derived from the United States Constitution but from Guam's Organic Act a federal statutory scheme which provides federally protected rights to Plaintiff.

Hence, the ripeness issue of the taking is not existent under Plaintiff's claims.

Count IV is the only claim predicated upon 42 USC §1983. Neither Counts I, II nor III assert that statutory basis for Plaintiff's claims there alleged.

1st COA Count IV is alleged against Defendants Babauta, Reyes and Balajadia, it is alleged to have occurred as alternative intentional conduct to the negligence of these officers that is alleged in 1st COA Counts I, II, and III. Though paragraph 33 indicates that the officers were acting under color of authority of local law, the allegations of paragraph 44, allege that the actions were intentional and outside of the scope of the employment of Defendants Babauta, Reyes and Balajadia. As the case of Albright v. Oliver, 510 US 266, 271 (1994), Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Rather than employ the procedures of 42 USC§1983 to vindicate the rights of Plaintiff, Plaintiff asserts the rights as from the source by which the rights are conferred and the implied remedy therein.

---

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
OPPOSITION TO MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND      **Page 5**

Case 1:10-cv-00010   Document 25   Filed 09/16/10   Page 5 of 7

The Second, Third, Fourth and Fifth Causes of Action are sufficiently pled to state claims for relief under common law claims under supplemental jurisdiction of the court. The claims arise from the same factual circumstances as the remaining claims and are alternative theories of liability.

Only the claims in the 1st COA Counts I, II and III request relief from Defendant government of Guam in the event that the circumstances are the result of negligent conduct. Hence, the claims of Plaintiff do not seek to hold Defendant government of Guam liable for intentional torts of the remaining defendants.

### The application of 5 GCA Chapter 6 §6212 is unconstitutional as applied.

In the matter of Matthews v. Eldridge, 424 US 319, 96 SCt 893, the United States Supreme Court has said, *The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner"* citing Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). See Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914).

The limitation of 5 GCA §6212 will require Plaintiff to present her alternate theories of liability in a manner that will allow Defendants to escape the negligence claims by asserting intentional conduct and the negligence claims by asserting the acts were intentional. The provision will further require that Plaintiff have to be heard on the same body of evidence in multiple trials. This statute denies Plaintiff the right to be heard at a meaningful time and in a meaningful manner and the court should deny the application of the restriction as an unconstitutional restraint on Plaintiff's ability to seek remedy for the harms done to her in violation of federal statutes.

### MOTION FOR LEAVE TO AMEND

While Plaintiff asserts that the causes of action contained in the complaint are pled with sufficient particularity[1], Plaintiff requests leave to amend the complaint to cure any defects that may exists based on the

---

[1] Requirements are particularly under FRCP Rule 9 differ with the effects of each particular case. See Moore's Federal Practice 3rd §9.03[1][b]. Generally the requirement is imposed to put a defendant on notice as to the basis of the claims made by the plaintiff. The cases suggest that the proper balance to be struck between the simplicity required by FRCP Rule 8 and the particularity of FRCP Rule 9 is to be decided on a case by case basis. The level of particularity approved by the Judicial Council can be seen by a review

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
OPPOSITION TO MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND          **Page 6**

Case 1:10-cv-00010   Document 25   Filed 09/16/10   Page 6 of 7

positions of the Defendants asserted in their various motions to dismiss. Leave to amend is to be liberally granted to cure defects before a party suffers dismissal. Foman v. Davis, 371 U.S. 178 (1962) "shall be freely given when justice so required." Plaintiff asks the court to defer ruling on the motion to allow Plaintiff to cure the alleged defects.

DATED: this 16th day of September 2010.

THE VANDEVELD LAW OFFICES, P.C.

Mr. Curtis C. Van de veld, Esq.
Attorney for Plaintiff

Gillian M. Hardman

---

of the official forms to the rules, in particular, forms 13, 14, and 15. Plaintiff's claims incorporate substantial factual allegations which set forth significant evidentiary support for each of the various elements of each claim. However, it appears that there is no case which sets forth a bright line rule of what constitutes "particularity."

GILLIAN MARY HARDMAN, Plaintiff vs. GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT), B.T. BABAUTA, C.E. REYES, K.J.C. BALAJADIA, J.B. TENORIO and DOES 1 through 9.
OPPOSITION TO MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND    **Page 7**

Case 1:10-cv-00010   Document 25   Filed 09/16/10   Page 7 of 7