

**Office of the Attorney General**
**John M. Weisenberger**
Attorney General of Guam
**ROBERT M. WEINBERG**
Assistant Attorney General
287 West O'Brien Drive
Hagåtña, Guam 96910    USA
(671) 475-3324    (671) 472-2493 (Fax)
email: rweinberg@guamattorneygeneral.com
**Attorneys for defendants GOVERNMENT OF GUAM;**
 **BENNY BABABUTA; and KENNETH J.C. BALAJADIA**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **GILLIAN MARY HARDMAN**, <br> Plaintiff, <br><br> vs. <br><br> **GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT); BENNY BABAUTA; CARLO E. REYES; and KENNETH J.C. BALAJADIA; et al.** <br> Defendants. | Civil Case No. CV 10-00010 <br><br> **DEFENDANT GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT)'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES, ETC.** |

Defendant **GOVERNMENT OF GUAM** (**Guam Police Department**) respectfully replies as follows to plaintiff's *Opposition to Motion to Dismiss by the Government of Guam and Alternative Motion to Amend, etc.*, Doc. # 25, filed September 16, 2010.

### Reply to Opposition to Motion to Dismiss

When plaintiff first amended her complaint, the Government of Guam had anticipated more factual clarity and the elimination of legal theories that failed to state cognizable claims against the various named defendants. That did not happen. Plaintiff's *Opposition* renders her first amended complaint even more incomprehensible.

## The Federal Law Claims

Ms. Hardman's first amended complaint is divided into two "causes of action," or theories of legal liability. Her first "cause of action" contains four "counts," each asserting specific violations of federal law. Count I, *FAC* ¶¶ 29 – 34, claims a taking by the Government without just compensation, specifically damage to plaintiff's door by the police, in violation of the Fifth Amendment. Count II, *FAC* ¶¶ 35 – 38, claims violation of plaintiff's right to be secure in her home in violation of the Fourth amendment when the police entered plaintiff's home without a warrant. Count III, *FAC* ¶¶ 39 – 71, claims plaintiff's right to be free from excessive punishment under the Eighth Amendment was violated when she was "either intentionally or negligently denied medical treatment within a reasonable time for the injuries [she] sustained while in the exclusive custody of Defendant government of Guam through [named defendants] Babauta, Reyes and Balajadia." *FAC* ¶ 40.

At page 5, line 14 of her *Opposition*, Ms. Hardman states that "Count IV is the only claim predicated upon 42 U.S.C. § 1983," and that "[n]either Counts I, II nor III assert that statutory basis for Plaintiff's claims there alleged." That statement makes no sense. Why? Because § 1983 is the *procedural vehicle* or *mechanism* by which claims alleging violations of the Constitution and federal law are brought. Ms. Hardman's Fourth, Fifth, and Eighth Amendment claims contained in Counts I, II and III cannot be brought *except* through § 1983. "This makes obvious sense, since § 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002). "[O]ne cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617 (1979). "Section 1983 'is not itself a

source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, (1979); and *Graham v. Connor*, 490 U.S. 386, 394 (1989)); *accord City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). With that understood, the court may proceed to examine whether Ms. Hardman's federal law claims contained in her first three "counts" state a claim against the Government of Guam under the fourth, fifth and eighth amendments upon which relief can be granted. They do not.

Except for a confused if half-hearted effort to distinguish the doctrinal underpinnings of well-settled Ninth Circuit precedent which holds that the Government of Guam has sovereign immunity, *see Marx v. Government of Guam*, 866 F.2d 294 (9th Cir. 1989), Ms. Hardman's *Opposition* addresses none of the authority cited by the Government of Guam. Because she does not appreciate the significance of the fact that § 1983 is merely the procedural vehicle by which her constitutional claims are brought, Ms. Hardman fails to confront the fact that the Government of Guam (Guam Police Department) is not a "person" for purposes of liability under 42 U.S.C. § 1983. *See Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1991); *Kitano v. Guam Territorial Parole Board*, 2007 WL 1795544 * 2 (D. Guam 2007). *See also Adkins v. Guam Police Dept.*, 2010 WL 3385176 * 13 (D.Guam Aug. 24, 2010) ("GPD is not a person within the meaning of 42 U.S.C. § 1983."). Since the Guam Police Department is not a "person" for purposes of § 1983, and because Ms. Hardman may not sue the Government of Guam, Counts I – IV of her first amended complaint fail to state a claim.

Even without the insurmountable barriers to suing the Government imposed by sovereign immunity and the fact that Guam is not a "person" under § 1983, Ms. Hardman's repeated emphasis that she is suing the government in *respondeat superior* for the *negligent* acts of its

3

employees is fatal to any theory of governmental liability under § 1983 for the alleged violation of her civil rights. The law could not be clearer: Neither *respondeat superior* nor negligence is actionable under 42 U.S.C. § 1983. "[T]here is no respondeat superior liability under § 1983." *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) "Negligence is not actionable under § 1983." *Gurule v. Correctional Medical Services*, 2010 WL 3168378 (D. Idaho 2010) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)).

Ms. Hardman's Fifth Amendment "takings" claim ignores authority previously cited. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1479 (9th Cir. 1989) ("Even in physical taking cases, compensation must first be sought from the state if adequate procedures are available."). If the "taking" that plaintiff claims (destruction of private property) is the result of intentional wrong-doing, then by definition it was *ultra vires*, and the government cannot be held liable. On the other hand, if the alleged "taking" was the result of employee negligence, then the Government Claims Act, 5 GCA § 6101, *et seq.*, is Ms. Hardman's adequate remedy at state or local law, and Ms. Hardman has no Fifth Amendment claim.

### The Local Law Claims

With respect to her local law claims, and contrary to Guam law, Ms. Hardman asks permission to present alternative and incompatible legal theories against different defendants in the same action in order sue the Government of Guam. She asks to be permitted to sue Babauta's, Reyes', and Balajadia's employer in negligence in order to come within the limited waiver of sovereign immunity contained in Guam's Government Claims Act. *See* 5 GCA § 6105(b) (waiving sovereign immunity "for claims in tort, arising from the negligent acts of its employees acting for and at the direction of the government of Guam, even though occurring in

4

an activity to which private persons do not engage"). But all of the facts alleged in the complaint present *intentional* torts, not negligence, by named defendants Babauta, Reyes, and Balajadia.[1]

Ms. Hardman cannot sue the Government directly for its employees' intentional wrong-doing because the government has not waived immunity for intentional torts. *See Wood v. Guam Power Authority*, 2000 Guam 18 * 3 ("The Government Claims Act does not waive sovereign immunity for intentional torts."); *id.*, at 5 ("Guam's sovereign immunity has not been waived with respect to intentional torts.").

Ms. Hardman cannot sue the Government under federal law because (1) Guam has sovereign immunity; (2) Guam is not a "person" for purposes of imposing § 1983 liability; and (3) respondeat superior and negligence are not actionable under § 1983. And she cannot sue the Government of Guam on her local law claims if she is asserting the named defendants intentionally committed wrong-doing because Guam has not waived sovereign immunity under local law for intentional torts. If Ms. Hardman wishes to sue the officers in their personal capacities for violating her civil rights and for intentional torts under local law, then she has already made her choice. The Government of Guam must be dismissed.

---

[1] In her second through sixth single-count causes of action, Ms. Hardman asserts five individualized local law claims, all alleging intentional wrongdoing. Her second cause of action is for battery, an intentional tort. *See FAC* ¶ 47 ("Babauta and Reyes had a duty not to intentionally cause harm"); and *FAC* ¶ 49 ("The acts and omissions to act of Defendants Babauta and Reyes, were done maliciously and oppressively as they intended to impose punishment…."). Her third cause of action alleges assault, "in violation of the criminal code of Guam, 9 GCA §19.20 had such conduct been criminally charged," *FAC* ¶ 52. That is an intentional tort. *See* 9 GCA § 19.20 ("A person is guilty of aggravated assault if he either recklessly causes or attempts to cause: (1) serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life…."). Ms. Hardman's fourth cause of action alleges trespass, again, an intentional tort. *See Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 16 ("A party claiming trespass must prove the following elements: a) the tortfeasor intentionally; b) enters land in possession of another, or causes a thing or a third person to do so….") (citing Restatement (Second) Torts § 158 (1988)). Plaintiff's fifth "cause of action" alleges false arrest. *FAC* ¶ 60 ("Babauta and Reyes *knew* that they lacked probable cause….") (emphasis added). Her sixth "cause of action" alleges false imprisonment. False arrest and false imprisonment are both intentional torts. *See Kesmodel v. Rand*, 119 Cal.App.4th 1128, 1144, 15 Cal.Rptr.3d 118, 131 n. 37 (2004) ("Both false arrest and false imprisonment are classified as intentional torts.") (citing Prosser & Keeton, Torts (5th ed. 1984)).

## Title 5 GCA § 6212 is Not Unconstitutional

> Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), when a federal court exercises diversity or pendent jurisdiction over state-law claims, "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945).

*Felder v. Casey*, 487 U.S. 131, 151 (1988).

As a matter of local law, which this court is bound to apply, Ms. Hardman cannot try alternative and inconsistent theories of liability against the government and its employees. Title 5 GCA § 6212 does not permit it, and there is no federal due process argument to be made merely because the Guam Legislature has determined in its wisdom that "[t]he filing of a suit [as provided in the Government Claims Act] against the Government of Guam or against any specific entity thereof shall suspend any proceedings against individual employees alleged to be liable in the same action until such time as the suit against the Government of Guam or against any specific entity thereof has been brought to final judgment." 5 GCA § 6212(a).

The law prevents the presentation of inconsistent legal theories against the government and its officers at the same time in the same action, which is particularly appropriate here because there is no such thing as *negligent* battery; assault; trespass; false arrest; or false imprisonment. Intentional torts such as plaintiff as plead in order to meet the pleading requirements of her civil rights claims may not be brought against the government, because the Guam Legislature has not waived sovereign immunity for intentional torts committed by its employees.

It is neither irrational nor unconstitutional for the Guam Legislature to set conditions on the waiver of its sovereign immunity, should it decide to do so. Indeed, that is the norm. *See*

6

*generally Newby v. Government of Guam*, 2010 Guam 4 ¶ 40 ("We note from the outset that sovereign immunity is the normative baseline for construing limited waivers of sovereign immunity such as that contained in the Government Claims Act. Accordingly, courts have recognized that legislative bodies have the power to prescribe such limits, and that the limits prescribed are constitutionally valid.") (canvassing cases).

As a practical matter, a finding that the employees committed intentional acts of wrong-doing would preclude a finding of negligence under Guam's waiver of sovereign immunity in its Government Claims Act. Alternatively, a judicial determination of employee negligence under the Government Claims Act could very easily, under principles of collateral estoppel, preclude a subsequent claim of intentional wrong-doing by the same actors. Nevertheless, in a case such as this where intentional torts predominate over negligence in plaintiff's complain, Ms. Hardman may not pursue a double-recovery based on such inconsistent theories of liability.

Ms. Hardman complains that complying with Guam law as written "will allow Defendants to escape the negligence claims by asserting intentional conduct and the negligence claims by asserting the acts were intentional." *Opposition*, page 6, lines 11 – 13. It is a harsh rule from plaintiff's perspective perhaps, but she has no constitutional right to sue the Government of Guam in negligence to begin with, except to the degree and on such terms as may be permitted by the Guam Legislature. *See, e.g., Brown v. Board of Trustees of Town of Hamptonburg*, School Dist. No. 4, 303 N.Y. 484, 489, 104 N.E.2d 866, 868-69 (N.Y. 1952) ("The right, then, of citizens to bring suit against [the government] for alleged negligence in the performance of a governmental function, did not exist at common law. Furthermore, it was not in the past, nor is it at present, guaranteed by constitutional provision. The present rule, that the State and its municipal adjuncts are liable in negligence in the same manner as individuals or corporations, is

statutory in origin. *Manifestly, then, any such right granted is one which might have been withheld altogether by the Legislature.* Accordingly, the right to bring suit against a municipality may be granted upon such conditions as the Legislature, in its wisdom, sees fit to impose.") (citations omitted; emphasis added). Ms. Hardman has no constitutional basis for insisting on a multiplicity of inconsistent legal theories against different defendants on her local law claims, particularly when there are rational reasons for the rule. *Compare City of Arlington v. Randall*, 301 S.W.3d 896, 903 (Tex.App. 2009) ("Section 101.106, entitled 'Election of Remedies,' is designed to force a plaintiff to decide at the outset whether an employee acted independently, and is thus solely liable, or whether she acted within the general scope of her employment so that the governmental unit is vicariously liable. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the [Texas Tort Claims Act] or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs.") (citations omitted).

Ms. Hardman's challenge to the constitutionality of 5 GCA § 6212 in her *Opposition* to suspending the proceedings presents no argument other than one of her convenience – she would prefer to try inconsistent alternative theories of liability against different defendants in the same action based on the same set of facts committed by the same actors, and let the jury decide. The due process clause of the Constitution guarantees no such thing, particularly where the Legislature has plenary authority to decide whether and on what conditions the government and its officers may even be sued at all for acts alleged to have been taken in the line and scope of official duty. Ms. Hardman may be the master of her complaint but the Constitution and her passing reference to *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) for the legal truism that

8

statutory in origin. *Manifestly, then, any such right granted is one which might have been withheld altogether by the Legislature.* Accordingly, the right to bring suit against a municipality may be granted upon such conditions as the Legislature, in its wisdom, sees fit to impose.") (citations omitted; emphasis added). Ms. Hardman has no constitutional basis for insisting on a multiplicity of inconsistent legal theories against different defendants on her local law claims, particularly when there are rational reasons for the rule. *Compare City of Arlington v. Randall*, 301 S.W.3d 896, 903 (Tex.App. 2009) ("Section 101.106, entitled 'Election of Remedies,' is designed to force a plaintiff to decide at the outset whether an employee acted independently, and is thus solely liable, or whether she acted within the general scope of her employment so that the governmental unit is vicariously liable. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the [Texas Tort Claims Act] or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs.") (citations omitted).

Ms. Hardman's challenge to the constitutionality of 5 GCA § 6212 in her *Opposition* to suspending the proceedings presents no argument other than one of her convenience – she would prefer to try inconsistent alternative theories of liability against different defendants in the same action based on the same set of facts committed by the same actors, and let the jury decide. The due process clause of the Constitution guarantees no such thing, particularly where the Legislature has plenary authority to decide whether and on what conditions the government and its officers may even be sued at all for acts alleged to have been taken in the line and scope of official duty. Ms. Hardman may be the master of her complaint but the Constitution and her passing reference to *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) for the legal truism that

8

Case 1:10-cv-00010   Document 27   Filed 09/22/10   Page 8 of 11

"[t]he fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner,' " lend no support for her to re-write Guam law.

## Plaintiff's Motion for Leave to Amend is Due to be Denied

United States District Judge Roger T. Benitez, writing recently from the Southern District of California, could have been writing to this case:

> "The Court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). Factors relevant to this determination include undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).
>
> As detailed above, the Court finds that Plaintiff's allegations do not state a claim upon which relief should be granted. Plaintiff's allegations lack specificity, fail to plead the necessary elements, and, in any event, certain claims are barred. Plaintiff's proposed amendments do not correct these deficiencies and are clearly insufficient.

*Sanchez v. Superior Court of Cal. County of San Diego North County Div.*, 2010 WL 2178984 * 8 (S.D. Cal. 2010). Ms. Hardman has presented nothing to suggest that her federal and local law claims against the Government of Guam are not due to be dismissed or that amendment to her complaint would correct the deficiencies twice now pointed out to her. Amendment would be futile. "The futility of amendment in this case outweighs the other *Forman* factors. In *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court instructed courts to draw on their judicial experience and common sense to determine whether well-pleaded facts permit the inference of more than a mere possibility of misconduct. *Id.* at 1949-50." *Sanchez*, 2010 WL 2178984 * 8. Ms. Hardman has failed twice now to state a cognizable claim against the Government of Guam. Her motion for leave to amend her complaint is due to be denied.

## Conclusion

Defendant **GOVERNMENT OF GUAM** respectfully submits that plaintiff's first amended complaint is due to be dismissed in its entirety without leave to amend. All of plaintiff's federal claims are due to be dismissed with prejudice for failure to state a claim, and her local law claims are due to be dismissed with prejudice because they are fatally inconsistent with her theory of liability that the individually named officers are guilty of intentional wrong-doing. Under Guam law, if Ms. Hardman does proceed with her local law claims against the officers to settlement or judgment, then "all rights against the government by reason of the same subject matter," 5 GCA § 6212(c), will be forfeit.[2]

OFFICE OF THE ATTORNEY GENERAL<br>
**John M. Weisenberger**, Attorney General<br>
<br>
By: _____<br>
ROBERT M. WEINBERG<br>
Assistant Attorney General

---

[2] "A federal court may decline to exercise supplemental jurisdiction under any of the following circumstances: (1) the state law claim involves a novel or complex issue of state law; (2) the state law claim substantially predominates over the federal claim; (3) the federal claim has been dismissed; and (4) exceptional circumstances." *Watkins v. Sanders*, 2010 WL 2232154 * 5 (S.D. Cal. 2010) (citing 28 U.S.C. § 1367(c)). As stated previously, because the entirety of the first amended complaint against the Government of Guam is, not merely as a matter of pleading but on the merits, due to be dismissed, it should be unnecessary to address the appropriateness of the court exercising its discretion to decline the exercise of supplemental jurisdiction with respect to plaintiff's local law claims.

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on all counsel by hand delivery, or electronically with the Clerk of Court using the CM/ECF System, or via first class mail, postage prepaid and properly addressed to the following:

Curtis Van de veld, Esq.
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Email: curtisguamlawyer@hotmail.com

F. Randall Cunliffe, Esq.
CUNLIFFE & COOK
210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Email: cclaw3@teleguam.net

this 22nd day of September, 2010.

**Office of the Attorney General**

**Robert M. Weinberg**
Assistant Attorney General