
**Office of the Attorney General**
**John M. Weisenberger**
Attorney General of Guam
**ROBERT M. WEINBERG**
Assistant Attorney General
287 West O'Brien Drive
Hagåtña, Guam 96910   USA
(671) 475-3324     (671) 472-2493 (Fax)
email: rweinberg@guamattorneygeneral.com
**Attorneys for defendants GOVERNMENT OF GUAM;**
 **BENNY BABABUTA; and KENNETH J.C. BALAJADIA**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **GILLIAN MARY HARDMAN**, <br> Plaintiff, <br><br> vs. <br><br> **GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT); BENNY BABAUTA; CARLO E. REYES; and KENNETH J.C. BALAJADIA; et al.** <br> Defendants. | Civil Case No. CV 10-00010 <br><br> **DEFENDANT BENNY BABAUTA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION[S] TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES, ETC.** |

Defendant **BENNY BABAUTA** respectfully replies as follows to plaintiff's *Opposition to Motion*[*s*] *to Dismiss by Defendants Benny T. Babauta and Kenneth J.C. Balajadia and Alternative Motion to Amend, etc.*, Doc. # 26, filed September 17, 2010.

Ms. Hardman argues at page 3 of her *Opposition* that the complaint "is replete with facts to support the claims against Defendant Babauta." As explained twice now the problem with plaintiff's complaint from defendant Babauta's perspective is not so much the facts she alleges, as much as her theories of legal liability. Defendant Babauta adopts and incorporates by

reference his previously filings and the arguments presented in the *Government of Guam's Reply to Plaintiff's Opposition, etc.*, Doc. # 27, filed September 22, 2010.

Ms. Hardman argues that defendants' citation to *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("We hold that neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983."), is inapposite because defendants Babauta, Reyes and Balajadia "are sued as individuals and therefore sovereign immunity is not applicable." *Opposition*, page 4. This is the first time Ms. Hardman has differentiated between individual and official capacity claims against the defendants, which in fact is why the case was cited. If Ms. Hardman is not trying to sue the named defendants in their official capacities as agents or representatives of the Government of Guam, then she will not object to the court clarifying that all claims against the named defendants in any official capacity are due to be dismissed.

The Government of Guam's *Reply* adequately addresses the complaint's failing with respect to Ms. Hardman's Fifth Amendment "takings" claim. Those arguments are expressly adopted and incorporated by reference here. Ms. Hardman must decide whether she is suing the Government of Guam for the alleged negligence of the named defendants under the Government Claims Act, or whether she wishes to sue the named defendants for intentional violation of her civil rights and local tort law. She cannot do both, because the two theories are mutually inconsistent and fatally incompatible.

"Negligence is not actionable under § 1983." *Gurule v. Correctional Medical Services*, 2010 WL 3168378 (D. Idaho 2010) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). *See generally*, *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-43 (9th Cir. 2010) (whether under 8th or 14th amendment, plaintiffs must allege "deliberate indifference"). Whether under the 4th, 8th, or 14th amendment, Ms. Hardman must allege intentional

2

wrongdoing by the named defendants. If she does that, then recovery against the Government of Guam is barred. *See Wood v. Guam Power Authority*, 2000 Guam 18 * 3 ("The Government Claims Act does not waive sovereign immunity for intentional torts.") (citing 5 GCA § 6105(b)). Now, because negligence is not actionable under § 1983, and because the Government of Guam cannot be sued for the intentional torts committed by its employees, then if Ms. Hardman decides to sue the Government of Guam in negligence, her civil rights claims must be dismissed. Of course, with the dismissal of her federal claims, it would then be appropriate to dismiss the remainder of the complaint, pursuant to 28 U.S.C. § 1367(c) because this court would no longer have an independent basis for exercising federal jurisdiction.

### Title 5 GCA § 6212 is Not Unconstitutional

> Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), when a federal court exercises diversity or pendent jurisdiction over state-law claims, "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945).

*Felder v. Casey*, 487 U.S. 131, 151 (1988).

As a matter of local law, which this court is bound to apply, Ms. Hardman cannot try alternative and inconsistent theories of liability against the government and its employees. Title 5 GCA § 6212 does not permit it, and there is no federal due process argument to be made merely because the Guam Legislature has determined in its wisdom that "[t]he filing of a suit [as provided in the Government Claims Act] against the Government of Guam or against any specific entity thereof shall suspend any proceedings against individual employees alleged to be liable in the same action until such time as the suit against the Government of Guam or against any specific entity thereof has been brought to final judgment." 5 GCA § 6212(a).

3

The law prevents the presentation of inconsistent legal theories against the government and its officers at the same time in the same action, which is particularly appropriate here because there is no such thing as *negligent* battery; assault; trespass; false arrest; or false imprisonment, let alone conspiracy to commit those acts. As a practical matter, it may be true that a finding that the employees committed intentional acts of wrong-doing would preclude a finding of negligence against the government under Guam. Alternatively, a determination of employee negligence under the Government Claims Act would, under principles of collateral estoppel, preclude a subsequent claim of intentional wrong-doing by the same actors. Ms. Hardman complains that complying with Guam law "will allow Defendants to escape the negligence claims by asserting intentional conduct and then escape the intentional conduct claims by asserting the acts were negligent." *Opposition*, page 5, lines 12 – 14. It is a harsh rule from plaintiff's perspective perhaps, but if she has no constitutional right to sue the Government of Guam in negligence to begin with, then she has no constitutional basis for insisting on a multiplicity of fatally inconsistent legal theories against different defendants on her local law claims, particularly when there are rational reasons for the rule. *Compare City of Arlington v. Randall*, 301 S.W.3d 896, 903 (Tex.App. 2009) ("Section 101.106, entitled 'Election of Remedies,' is designed to force a plaintiff to decide at the outset whether an employee acted independently, and is thus solely liable, or whether she acted within the general scope of her employment so that the governmental unit is vicariously liable. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the [Texas Tort Claims Act] or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs.") (citations omitted).

4

Ms. Hardman's challenge to the constitutionality of 5 GCA § 6212 in her *Opposition* to suspending the proceedings presents no argument other than one of *her* convenience – she would prefer to try inconsistent alternative theories of liability against different defendants in the same action based on the same set of facts committed by the same actors, and let the jury sort it out. Ms. Hardman may be the master of her complaint but the Constitution and her passing reference to *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) ("[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner,' ") lend no support for her to re-write Guam law. Section 6212 was written for a purpose, and that is to protect not merely the government but also its employees.

But the question may be moot.

**With the Dismissal of the Federal Claims the Local Law Claims Should Be Dismissed**

"A federal court may decline to exercise supplemental jurisdiction under any of the following circumstances: (1) the state law claim involves a novel or complex issue of state law; (2) the state law claim substantially predominates over the federal claim; (3) the federal claim has been dismissed; and (4) exceptional circumstances." *Watkins v. Sanders*, 2010 WL 2232154 * 5 (S.D. Cal. 2010) (citing 28 U.S.C. § 1367(c)). Because all of plaintiff's federal claims are due to be dismissed for failure to state a claim, it is appropriate that the court exercise its discretion and decline the exercise of supplemental jurisdiction over plaintiff's local law claims.

**Plaintiff's Motion for Leave to Amend is Due to be Denied**

At page 6 of her *Opposition*, Ms. Hardman "requests leave to amend the complaint to cure any defects that may exist based on the positions of the Defendants asserted in their various motions to dismiss." That is precisely what she said the last time when defendants moved to dismiss her original complaint. *See* Doc. # 14, pp. 3, 4. Defendants did not object to Ms.

5

Hardman's request then, because it was a foregone conclusion under the rules of civil procedure that plaintiffs should get at least one second bite at the apple. But Ms. Hardman has failed to correct specific deficiencies in her pleadings brought to her attention on motion to dismiss her original complaint. Ms. Hardman has failed to keep her previous promises.

> "The Court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). Factors relevant to this determination include undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

*Sanchez v. Superior Court of Cal. County of San Diego North County Div.*, 2010 WL 2178984 * 8 (S.D. Cal. 2010). Ms. Hardman has failed to correct specific deficiencies previously pointed out to her. Her motion for leave to amend her complaint is due to be denied.

**Conclusion**

Defendant **BENNY BABAUTA** respectfully submits that plaintiff's first amended complaint is due to be dismissed in its entirety without leave to amend. All of plaintiff's federal claims are due to be dismissed with prejudice. The remaining local law claims may be dismissed without prejudice.

OFFICE OF THE ATTORNEY GENERAL
**John M. Weisenberger**, Attorney General

By: _____
ROBERT M. WEINBERG
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on all counsel by hand delivery, or electronically with the Clerk of Court using the CM/ECF System, or via first class mail, postage prepaid and properly addressed to the following:

Curtis Van de veld, Esq.
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Email: curtisguamlawyer@hotmail.com

F. Randall Cunliffe, Esq.
CUNLIFFE & COOK
210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Email: cclaw3@teleguam.net

this 23rd day of September, 2010.

_____
ROBERT M. WEINBERG
Assistant Attorney General