**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM**

| | |
|---|---|
| GILLIAN MARY HARDMAN,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT); BENNY T. BABAUTA; CARLO E. REYES; and DOES 1–9.<br>Defendants. | Civil Case No. 10-00010<br><br>**ORDER AND OPINION RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES FILED BY THE GOVERNMENT OF GUAM (GUAM POLICE DEPARTMENT)** |

Before the court is a Motion to Dismiss First Amended Complaint ("the Motion") filed by Defendant Government of Guam (Guam Police Department) ("the Government"). *See* ECF. No. 21. The Government moves to dismiss the First Amended Complaint ("FAC"), or, in the alternative, dismiss the Government from the case. Plaintiff Gillian Mary Hardman ("Plaintiff") opposes the Motion, and, in the alternative, moves for leave to amend the FAC. *See* ECF No. 25. After reviewing the parties' briefs, and relevant cases and statutes, the court hereby **DISMISSES** all claims against the Government without leave to amend for the reasons stated herein.

**I.    RELEVANT FACTUAL BACKGROUND**

On May 25, 2008, at about 11:00 p.m., Plaintiff's daughter contacted the Guam Police Department ("GPD") and reported that Plaintiff harassed her. FAC ¶ 10, ECF No. 17. In response to the report, at approximately 12:00 a.m. on May 26, 2008, GPD officers Benny T. Babauta ("Babauta") and Carlo E. Reyes ("Reyes") arrived at Plaintiff's home. *Id.* ¶ 12. All of the doors and windows of Plaintiff's home were locked and secured. *Id.* ¶ 14. Without a warrant or consent, Babauta and Reyes exercised force to gain entry into Plaintiff's residence. *Id.* ¶¶ 16, 17, 27. In

1 effecting their entry, Babauta and Reyes caused permanent damage to Plaintiff's door, which
2 Plaintiff later replaced. *Id.* ¶ 31.

Upon entering Plaintiff's home, Babauta and Reyes entered Plaintiff's bedroom and confronted her. *Id.* ¶18. Plaintiff asked Babauta and Reyes to see a warrant and Babauta and Reyes responded by telling Plaintiff to "shut up." *Id.* Babauta and Reyes then "grabbed Plaintiff using extreme and unnecessary force and removed Plaintiff from her [home]." *Id.* ¶ 20. At some point while Babauta and Reyes were at Plaintiff's home, "Plaintiff was either dropped or thrown to the ground outside her residence on the cement driveway which Plaintiff believes caused Plaintiff to suffer a broken bone in [her] leg." *Id.* ¶ 21.

Babauta and Reyes then placed Plaintiff into a police vehicle and drove Plaintiff to the Hagåtña police precinct. *Id.* ¶¶ 23, 26. En route to the precinct, Plaintiff told Babauta and Reyes that she was in pain and in need of medical attention. *Id.* ¶ 24. Babauta and Reyes denied Plaintiff's request for medical attention and instead called her a "crybaby." *Id.* ¶ 25.

Plaintiff alleges that the Government is responsible for the acts of Babauta and Reyes, insofar as they were committed negligently, under the doctrine of respondeat superior. *Id.* ¶ 9.

## II. RELEVANT PROCEDURAL BACKGROUND

On May 25, 2010, Plaintiff filed a complaint ("the Complaint") against the Government of Guam (Guam Police Department) ("the Government"), Babauta, Reyes, Kenneth J.C. Balajadia ("Balajadia"), Joseph B. Tenorio ("Tenorio"),[1] and Does 1 through 9. *See* Complaint, ECF No. 1.

On June 23, 2010, Reyes filed a motion to dismiss the Complaint. ECF No. 10. Then, on June 28, 2010, the Government filed a motion to dismiss the Complaint. ECF No. 11. That same day, Babauta and Balajadia also filed a motion to dismiss the Complaint. ECF No. 12. On July 22, 2010, Plaintiff filed an opposition to the motions, and in the alternative, moved for leave to amend the Complaint to cure any defects addressed by the respective motions. *See* Order Re: Mtns. to

---

[1] On June 16, 2010, the Government filed a suggestion of death as to Tenorio. *See* ECF No. 9.

1  Dismiss, ECF No. 15 at 3–4. Defendants did not reply to the opposition or oppose Plaintiff's motion
2  for leave to amend. On August 5, 2010, the court granted the motions to dismiss and Plaintiff's
3  motion for leave to amend. *See id.*

4  On August 19, 2010, Plaintiff filed her FAC against the Government, Babauta, Reyes, and
5  Balajadia.[2] FAC, ECF No. 17. Plaintiff alleges four federal claims: (1) taking without just
6  compensation in violation of the Fifth Amendment, (2) violation of her Fourth Amendment right
7  to be secure in her home, (3) violation of her Eight Amendment right to be free from excessive
8  punishment, and (4) violation of her civil rights under 42 U.S.C. § 1983. *See id.* ¶¶ 30, 36, 40, 44.
9  Additionally, Plaintiff alleges intentional torts of battery, assault, trespass, false arrest, and false
10 imprisonment under Guam law. *See id.* ¶¶ 48, 52, 56, 60, 64.

11 On September 2, 2010, the Government filed the instant Motion to Dismiss First Amended
12 Complaint. ECF No. 21. On September 16, 2010, Plaintiff filed her opposition to the Motion, and
13 in the alternative, moved for leave to amend the FAC. ECF No. 25. The Government filed its reply
14 on September 22, 2010. ECF No. 27.

## III. JURISDICTION AND VENUE

Jurisdiction is proper. Counts I through IV of the first cause of action are within the court's federal question jurisdiction; the remaining causes of action are within the court's supplemental jurisdiction. *See* 28 17 U.S.C. §§ 1331, 1367(a). Venue is proper here, in the District of Guam, because all of the events or omissions complained of occurred here. *See* 28 U.S.C. § 1391(b)(2).

## IV. APPLICABLE STANDARDS

### A. MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides that, in response to a claim for relief, a party may assert a defense of "failure to state a claim upon which relief can be granted" by way of motion. FED. R. CIV. P. 12(b)(6). Whether a party has sufficiently stated a claim for relief is viewed

---

[2] On March 25, 2011, the parties stipulated to dismissing Balajadia. *See* ECF No. 44. On March 28, 2011, the court issued an order dismissing Balajadia. ECF No. 45.

in light of Federal Rule of Civil Procedure 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to Rule 8, a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard under Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). The court must engage in a two-step procedure to determine the plausibility of a claim. *Id.* at 1950. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id.* Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id.*

A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court must "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Id.*

### B. LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2), provides that "[t]he court should freely give leave [to amend] *when justice so requires*." FED. R. CIV. P. 15(a)(2) (emphasis added). In deciding whether justice requires granting leave to amend, factors to be considered include "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("the *Foman* factors").

While leave to amend should be granted liberally, there are some limitations. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). For instance, leave to amend need not be granted if it "constitutes an exercise in futility." *Id.*; *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court need not grant leave for futile amendments). Additionally, the court has particularly broad discretion to deny leave to amend if a plaintiff has previously amended the complaint. *Ascon Props., Inc.*, 866 F.2d at 1160.

## V. ANALYSIS

The Government moves the court to dismiss the FAC in its entirety, or in the alternative, dismiss the Government from the instant action. *See* ECF No. 21. Plaintiff opposes the motion, or, in the alternative, moves to amend the FAC. *See* ECF No. 25. Plaintiff divides her complaint into six Causes of Action; the court discusses the claims contained therein below.

### A. FIRST CAUSE OF ACTION

Plaintiff alleges three counts against the Government: (1) Count I: Taking By Government Without Just Compensation, (2) Count II, Violation Of Plaintiff's Right To Be Secure In Her Home, and (3) Count III, Violation Of Right To Be Free From Excessive Punishment.[3] *See* Complaint at 7–9, ECF No. 17. The court discusses the merits of each of these counts in turn.

#### 1. Count I: Fifth Amendment Claim

In Count I, Plaintiff alleges that Defendants Babauta and Reyes caused permanent damage to her door when they exercised force to enter Plaintiff's home, and thus deprived Plaintiff of her property without just compensation in violation of the Fifth Amendment. ECF No. 17 at 7, ¶ 34. As relevant here, the Fifth Amendment of the United States Constitution prohibits the taking of "private property . . . for public use, without just compensation." U.S. CONST. amend. V.

---

[3] In Count IV, Plaintiff alleges a violation of her Civil Rights Under 42 U.S.C. § 1983, but it is only alleged against the individual officers. As such, the court does not discuss it in this analysis.

Page 5 of 9

The "just compensation" provision is self-executing in nature, and as such, a landowner may bring an action for inverse condemnation directly under the Constitution. *See First English Evangelical Church of Glendale v. Cnty. of Los Angeles*, 482 U.S. 304, 315 (1987). Under the Fifth Amendment, "[a] taking occurs only when the Government 'exercises its rights as sovereign to acquire property from the rightful owner for the public good.'" *J & E Salvage Co. v. United States*, 36 Fed. Cl. 192, 195 (1996).

According to Plaintiff, the Government must compensate her for the damage to her house door. However, Plaintiff does not allege that her property was taken by the Government under its sovereign authority and does not allege that it was taken for the public good. *See* FAC, ECF No. 17 at 7. Accordingly, the court finds that Plaintiff has failed to state a takings claim under the Fifth Amendment.

Even if the court were to find that Plaintiff has adequately pleaded a takings claim, it is not ripe. A claim for a physical taking in violation of the Fifth Amendment is not properly before a federal court until Plaintiff has sought and been denied just compensation under adequate state procedures. *See Sinaloa Lake Owners Ass'n. v. Simi Valley*, 882 F.2d 1398, 1402 (9th Cir. 1989) (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95 (1985)), *overruled on other grounds by Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996). In this case, Plaintiff failed to follow Guam procedures to obtain compensation for the alleged taking.

The Guam Government Claims Act ("the Claims Act"), 5 GUAM CODE ANN. §§ 6101–6404, provides an adequate procedure for Plaintiff to seek just compensation for the alleged taking. Plaintiff claims that she has complied with the Claims Act and that she was denied compensation in a letter dated January 28, 2010. FAC, ECF No. 17 at 2–3, ¶ 3. However, under the Claims Act, after the Government denied her claim, Plaintiff's next step was to institute an action against the Government in the *Superior Court of Guam*, not in the District Court of Guam. *See* 5 GUAM CODE ANN. § 6208. Thus, Plaintiff's Fifth Amendment takings claim is not ripe because she has not been denied just compensation by the Superior Court of Guam.

Plaintiff argues that the *Williamson* hurdle does not apply to Guam because Guam is not a "state." Pl.'s Opposition, ECF No. 25 at 5:9–13. However, there are many instances when Guam is treated as a state when applying the law. *See* Arnold H. Leibowitz, *The Applicability of Federal Law to Guam*, 16 Va. J. Int'l L. 21, 44 (1975–76) ("Guam is sometimes treated like a foreign country, sometimes like one of the 50 states, . . ."). This is one such instance when Guam is treated like a state. In fact, the court has applied *Williamson* in the past, *see Gange v. Gov't of Guam*, Civ. No. 10-00018, 2010 WL 3294712, at *1 (D. Guam Aug. 23, 2010), and notes that other district courts located in non-states have also applied *Williamson* to determine whether Fifth Amendment takings claims were ripe. *See Dist. Intown Props. Ltd. P'ship v. District of Columbia*, 23 F. Supp. 2d 30, 33 (D. D.C.); *V.I. Conservation Soc'y v. V.I. Bd. of Land Use Appeals*, 857 F. Supp. 1112, 1129 (D. V.I. 1994); *Colon-Rivera v. Asociacion de Suscripcion Conjunta del Seguro de Responsabilidad Obligatorio,* 665 F. Supp. 2d 88, 92–93 (D. P.R. 2009). This being the case, Plaintiff must comply with *Williamson,* even though it "all but guarantees that [she] will be unable to utilize the federal courts to enforce the Fifth Amendment's just compensation guarantee." *San Remo Hotel, L.P. v. City and Cnty. of San Francisco*, 545 U.S. 323, 351 (2005) (Rehnquist, C.J., concurring).

Thus, Plaintiff has failed to state a plausible Fifth Amendment claim, and it is **DISMISSED WITHOUT LEAVE TO AMEND**. While the court should grant leave to amend freely, granting leave in this instance would merely be an exercise of futility as there is no amendment that can cure the claim's defect. *See Ascon Props., Inc.*, 866 F.2d at 1160.

### **2.** **Counts II and III: Fourth and Eighth Amendment Claims**

In Counts II and III, Plaintiff alleges violations of her Fourth and Eight Amendment rights. Plaintiff attempts to assert these claims directly under the Constitution. *See* Pl.'s Opposition, ECF No. 25. However, "a plaintiff may not sue a state defendant directly under the Constitution where [§] 1983 provides a remedy, even if that remedy is not available to the plaintiff." *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1382 (9th Cir. 1998). In other words, "a litigant complaining of a

Page 7 of 9

Case 1:10-cv-00010  Document 57  Filed 10/14/11  Page 7 of 9

violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). When plaintiffs run afoul of that rule, courts generally re-frame the direct constitutional claims as § 1983 claims. *See*, *e.g.*, *Gamboa v. King Cnty.*, 562 F. Supp. 2d 1288, 1296 (W.D. Wash. 2008) ("the Court construes each cause of action in which a federal constitutional right is asserted by Plaintiff as a cause of action under 42 U.S.C. § 1983."). Thus, the court construes Counts II and III as § 1983 claims.

In pertinent part, 42 U.S.C. § 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . .

42 U.S.C. § 1983 (2006) (emphasis added).

Under § 1983, "neither the Territory of Guam nor its officers acting in their official capacities are 'persons' . . . ." *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990). Off the bat, Plaintiff fails to state a plausible claim under § 1983 against the Government as it is not a "person." Moreover, Plaintiff claims that the Government is liable for the acts of Babauta and Reyes under the doctrine of respondeat superior. FAC, ECF No. 17 ¶ 9. Her claim also fails in this regard as "there is no respondeat superior liability under § 1983." *See Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

Plaintiff fails to state a plausible claim against the Government under § 1983. Accordingly, Counts II and III, insofar as they are alleged against the Government, are **DISMISSED WITHOUT LEAVE TO AMEND**. Granting leave to amend in this instance would be futile as Plaintiff cannot make any changes that could make to render her claim plausible. *See Ascon Props., Inc.*, 866 F.2d at 1160.

### 3. SECOND THROUGH SIXTH CAUSES OF ACTION

In the second through sixth causes of action, Plaintiff alleges claims of battery, assault, trespass, false arrest, and false imprisonment under Guam law. ECF No. 17 ¶¶ 48, 52, 56, 60, 64.

The Government has inherent sovereign immunity, and cannot be sued without its consent. *Marx v. Gov't of Guam*, 866 F.2d 294, 298 (9th Cir. 1989). It is clear that the Government has "not waived its immunity with respect to intentional torts committed by its employees." *Id.*; *see also* 5 GUAM CODE ANN. § 6105(b) (the Government waives immunity to suit "for claims in tort, arising from the negligent acts of its employees acting for and at the direction of the government.").

The claims asserted under Guam law are all intentional torts, and as such, they are barred under the doctrine of sovereign immunity. Thus, Plaintiff has failed to state a plausible claim against the Government in her second through sixth causes of action. Accordingly, the second through sixth causes of action, insofar as they are alleged against the Government, are **DISMISSED WITHOUT LEAVE TO AMEND**. Because of the Government has sovereign immunity, granting leave to amend in this instance would be futile. *See Ascon Props., Inc.*, 866 F.2d at 1160.

## VI. CONCLUSION

Based on the foregoing, the court hereby **DISMISSES** all claims against the Government **WITHOUT LEAVE TO AMEND**.

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Oct 14, 2011