**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF GUAM**

GILLIAN MARY HARDMAN,

Plaintiff,

vs.

GOVERNMENT OF GUAM (GUAM
POLICE DEPARTMENT); BENNY T.
BABAUTA; CARLO E. REYES; and DOES
1–9.

Defendants.

Civil Case No. 10-00010

**ORDER AND OPINION RE:**
**MOTION TO DISMISS FIRST**
**AMENDED COMPLAINT FOR**
**DAMAGES BY DEFENDANT**
**BENNY BABAUTA AND CARLO**
**E. REYES**

1    Before the court is a Motion to Dismiss First Amended Complaint for Damages ("the

2  Motion") filed by Defendant Benny T. Babauta ("Babauta") and joined by Defendant Carlo E. Reyes

3  ("Reyes"). *See* ECF Nos. 24, 30. Defendants Babauta and Reyes move to dismiss the First

4  Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

5  state a claim. *See id.* at 1. Plaintiff Gillian Mary Hardman ("Plaintiff") opposes the Motion, and,

6  in the alternative, moves for leave to amend the FAC. *See* ECF No. 26. After reviewing the parties'

7  briefs, and relevant cases and statutes, the court hereby **DENIES** the Motion in part and **GRANTS**

8  it in part for the reasons stated herein.

9  **I.    RELEVANT FACTUAL BACKGROUND**

10    On May 25, 2008, at about 11:00 p.m., Plaintiff's daughter contacted the Guam Police

11  Department ("GPD") and reported that Plaintiff harassed her. FAC ¶ 10, ECF No. 17. In response

12  to the report, at about midnight on May 26, 2008, GPD officers Babauta and Reyes arrived at

13  Plaintiff's home. *Id.* ¶ 12. All of the doors and windows of Plaintiff's home were locked and

14  secured. *Id.* ¶ 14. Without a warrant or consent, Babauta and Reyes exercised force to gain entry

1  into Plaintiff's residence. *Id.* ¶¶ 16, 17, 27. In effecting entry, Babauta and Reyes caused permanent

2  damage to Plaintiff's door, which Plaintiff later replaced. *Id.* ¶ 31.

3      Upon entering Plaintiff's home, Babauta and Reyes entered Plaintiff's bedroom and

4  confronted her. *Id.* ¶18. Plaintiff asked Babauta and Reyes to see a warrant and Babauta and Reyes

5  responded by telling Plaintiff to "shut up." *Id.* Babauta and Reyes then "grabbed Plaintiff using

6  extreme and unnecessary force and removed Plaintiff from her [home]." *Id.* ¶ 20. At some point

7  while Babauta and Reyes were at Plaintiff's home, "Plaintiff was either dropped or thrown to the

8  ground outside her residence on the cement driveway which Plaintiff believes caused Plaintiff to

9  suffer a broken bone in [her] leg." *Id.* ¶ 21.

10     Babauta and Reyes then placed Plaintiff into a police vehicle and drove Plaintiff to the police

11  precinct in Hagåtña. *Id.* ¶¶ 23, 26. En route to the precinct, Plaintiff told Babauta and Reyes that

12  she was in pain and in need of medical attention. *Id.* ¶ 24. Babauta and Reyes denied Plaintiff's

13  request for medical attention and instead called her a "crybaby." *Id.* ¶ 25.

14  **II.     RELEVANT PROCEDURAL BACKGROUND**

15     On May 25, 2010, Plaintiff filed a complaint ("the Complaint") against the Government of

16  Guam (Guam Police Department) ("the Government"), Babauta, Reyes, Kenneth J.C. Balajadia

17  ("Balajadia"), Joseph B. Tenorio ("Tenorio"),[1] and Does 1 through 9. *See* Complaint, ECF No. 1.

18     On June 23, 2010, Reyes filed a motion to dismiss the Complaint. ECF No. 10. Then, on

19  June 28, 2010, the Government filed a motion to dismiss the Complaint. ECF No. 11. That same

20  day, Babauta and Balajadia also filed a motion to dismiss the Complaint. ECF No. 12. On July 22,

21  2010, Plaintiff filed an opposition to the motions, and in the alternative, moved for leave to amend

22  the Complaint to cure any defects addressed by the respective motions. *See* Order Re: Mtns. to

23  Dismiss, ECF No. 15 at 3–4. Defendants did not reply to the opposition or oppose Plaintiff's motion

24  for leave to amend. On August 5, 2010, the court granted the motions to dismiss and Plaintiff's

---

[1] On June 16, 2010, the Government filed a suggestion of death as to Tenorio. *See* ECF No. 9.

1  motion for leave to amend. *See id.*

2      On August 19, 2010, Plaintiff filed her FAC against the Government, Babauta, Reyes, and

3  Balajadia.[2]  FAC, ECF No. 17.  Plaintiff alleges four federal claims: (1) taking without just

4  compensation in violation of the Fifth Amendment, (2) violation of her  Fourth Amendment right

5  to be secure in her home, (3) violation of her Eight Amendment right to be free from excessive

6  punishment, and (4) violation of her civil rights under 42 U.S.C. § 1983.  *See id.* ¶¶ 30, 36, 40, 44.

7  Additionally, Plaintiff alleges intentional torts of battery, assault, trespass, false arrest, and false

8  imprisonment under Guam law. *See id.* ¶¶ 48, 52, 56, 60, 64.

9      On September 7, 2010, Babauta filed the instant Motion to Dismiss FAC ("the Motion").

10 ECF No. 24.  On September 17, 2010, Plaintiff filed her opposition to the Motion, and, in the

11 alternative, moved for leave to amend the FAC.  ECF No. 26.  Babauta filed his reply on September

12 23, 2010.  ECF No. 29.  On September 30, 2010, Reyes joined the Motion.  ECF No. 30.

13 **III.    JURISDICTION AND VENUE**

14      Jurisdiction is proper.   The first cause of action is within the court's federal question

15 jurisdiction and the remaining causes of action are within the court's supplemental jurisdiction. *See*

16 28 U.S.C. §§ 1331, 1367(a).

17      Venue is proper here, in the District of Guam, because all of the events or omissions

18 complained of occurred here.  *See* 28 U.S.C. § 1391(b)(2).

19 **IV.    APPLICABLE STANDARDS**

20     **A.    MOTION TO DISMISS**

21      Federal Rule of Civil Procedure 12(b)(6) provides that, in response to a claim for relief, a

22 party may assert a defense of "failure to state a claim upon which relief can be granted" by way of

23 motion. FED. R. CIV. P. 12(b)(6).  Whether a party has sufficiently stated a claim for relief is viewed

24 in light of Federal Rule of Civil Procedure 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] On March 25, 2011, the parties stipulated to dismissing Balajadia. *See* ECF No. 44.  On March
28, 2011, the court issued an order dismissing Balajadia.  ECF No. 45.

1     Pursuant to Rule 8, a claim for relief must include "a short and plain statement of the claim showing

2     that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard under Rule 8

3     "does not require detailed factual allegations, but it demands more than an unadorned, the-

4     defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

5     (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

6         "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

7     as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570)

8     (internal quotation marks omitted). The court must engage in a two-step procedure to determine the

9     plausibility of a claim. *Id.* at 1950. First, the court must weed out the legal conclusions—that is

10    "threadbare recitals of the elements of a cause of action, supported by mere conclusory

11    statements"—in the pleading that are not entitled to a presumption of truth. *Id.* Second, the court

12    should presume the remaining factual allegations are true and determine whether the claim is

13    plausible. *Id.*

14        A claim is facially plausible if "the plaintiff pleads factual content that allows the court to

15    draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

16    *Twombly*, 550 U.S. at 556). The court must "draw on its judicial experience and common sense"

17    to determine the plausibility of a claim given the specific context of each case. *Id.* at 1950.

18        **B.**     **LEAVE TO AMEND**

19     Federal Rule of Civil Procedure 15(a)(2), provides that "[t]he court should freely give leave

20    [to amend] *when justice so requires*." FED. R. CIV. P. 15(a)(2) (emphasis added). In

21    deciding whether justice requires granting leave to amend, factors to be considered include "the

22    presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure

23    deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the

24    proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.

25    1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("the *Foman* factors").

26        While leave to amend should be granted liberally, there are some limitations. *See Ascon*

1 *Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v.*

2 *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). For instance, leave to amend need not be granted if

3 it "constitutes an exercise in futility." *Id.*; *see also Klamath-Lake Pharm. Ass'n v. Klamath Med.*

4 *Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be

5 freely given, the court need not grant leave for futile amendments). Additionally, the court has

6 particularly broad discretion to deny leave to amend if a plaintiff has previously amended the

7 complaint. *Ascon Props., Inc.*, 866 F.2d at 1160.

8 **V.    ANALYSIS**

9      Babauta and Reyes (collectively "Defendants") move the court to dismiss the FAC in its

10 entirety under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 24. Plaintiff opposes their

11 motion, and, in the alternative, moves the court for leave to amend. *See* ECF No. 26. Plaintiff

12 divides her complaint into six Causes of Action; the court discusses the claims contained therein

13 below.

14      **A.    FIRST CAUSE OF ACTION**

15      Plaintiff alleges three counts against Defendants under her first cause of action: (1) Count

16 II, Violation Of Plaintiff's Right To Be Secure In Her Home, (2) Count III, Violation Of Right To

17 Be Free From Excessive Punishment, and (3) Violation Of Plaintiff's Civil Rights Under 42 U.S.C.

18 § 1983.[3] *See* Complaint at 7–9, ECF No. 17. The court discusses the merits of each of these counts

19 in turn.

20      **1.    Count II: Fourth Amendment Claim**

21      In Count II, Plaintiff alleges that Defendants violated her Fourth Amendment right

22 to be secure in her home. *See* FAC ¶¶ 35–38, ECF No. 17. Plaintiff attempts to assert this claim

23 directly under the Constitution. *See* Pl.'s Opposition to Gov't Mtn., ECF No. 25. However, "a

24 plaintiff may not sue a state defendant directly under the Constitution where [S]ection 1983 provides

---

[3] In Count I, Plaintiff alleges a claim of Taking By Government Without Just Compensation, but that count is only alleged against the Government and has already been dismissed by the court. As such, the court does not discuss it in this analysis.

Page 5 of 11

a remedy, even if that remedy is not available to the plaintiff." *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1382 (9th Cir. 1998). In other words, "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). When plaintiffs run afoul of that rule, courts generally re-frame the direct constitutional claims as § 1983 claims. *See*, *e.g.*, *Gamboa v. King Cnty.*, 562 F. Supp. 2d 1288, 1296 (W.D. Wash. 2008) ("the Court construes each cause of action in which a federal constitutional right is asserted by Plaintiff as a cause of action under 42 U.S.C. § 1983"). Thus, the court construes Count II as a § 1983 claim.

In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . .

42 U.S.C. § 1983 (2006). To state a § 1983 claim, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### a. Plaintiff alleges a deprivation of her Fourth Amendment right

Plaintiff alleges that Babauta and Reyes deprived her of her Fourth Amendment right to be safe and secure in her home by entering her home and seizing her without a warrant or her consent. As relevant here, the Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . ." U.S. CONST. amend. IV. "It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Hopkins v. Bonvicino,* 573 F.3d 752, (9th Cir. 2009) (quoting *Payton v. New York*, 445 U.S. 573, 586 (1980)) (internal quotation marks omitted).

Here, Plaintiff alleges that Babauta and Reyes went to her residence at approximately 12:00

a.m. in response to a report that Plaintiff committed a misdemeanor offense. Babauta and Reyes then entered Plaintiff's home without her consent or a warrant, removed her from her home, and transported her to the police precinct in Hagåtña. Taking these facts as true, the court can reasonably infer that Babauta and Reyes deprived Plaintiff of her Fourth Amendment right. *See Iqbal*, 129 S. Ct. at 1950.

### b.     *Reyes and Babauta were acting under the color of state law*

The sufficiency of this claim now turns on whether Reyes and Babauta were acting under the color of state law when they allegedly deprived Plaintiff of her Fourth Amendment right. While employment by the state is generally sufficient to qualify a defendant as a state actor, "whether a[n] . . . officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties." *Anderson*, 451 F.3d at 1068 (2006) (quoting *West v. Atkins*, 487 U.S. 42, 48, (1988); *Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir.1995)) (alteration in original) (internal quotation marks omitted). A police officer acts under the color of state law if: (1) the act is "performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties," (2) "the officer's pretense of acting in the performance of his duties . . . had the purpose and effect of influencing the behavior of others," and (3) the act is "related in some meaningful way either to the officer's governmental status or to the performance of his duties." *See id.* at 1068–69.

Plaintiff alleges that Babauta and Reyes were employed as police officers by the Government of Guam. *See* FAC ¶¶ 4, 5, ECF No. 17. Plaintiff further alleges that Babauta and Reyes responded to a report made against her, entered her home, removed her from her home, and transported her from her home to the police precinct in a police vehicle. *See id.* ¶¶ 10, 15. Taking these facts as true, the court can reasonably infer that Babauta and Reyes performed the challenged acts while acting in the performance of their official duties with the purpose and effect of influencing the behavior of Plaintiff, and that the conduct was meaningfully related to the performance of their duties. *See Iqbal*, 129 S. Ct. at 1950; *Anderson*, 451 F.3d at 1068. Thus, Plaintiff has sufficiently

1  alleged that Babauta and Reyes were acting under the color of state law when they carried out the

2  challenged acts.

3          ***c.          Plaintiff has sufficiently alleged a claim for the deprivation of her Fourth***
4                          ***Amendment right***

5          Defendants argue that negligence is not actionable under § 1983, and as such the court

6  should dismiss Count II because Plaintiff alleges that Babauta and Reyes acted "either intentionally

7  or negligently." *See* Defs.' Mtn. to Dismiss at 8, ECF No. 24.  However, under Rule 8, a plaintiff

8  may set forth alternative claims and inconsistent claims. *See* FED. R. CIV. P. 8(d)(2), (3).  Thus, the

9  fact that Plaintiff alleges that Defendants acted intentionally *or* negligently is not a ground for

10  dismissal.

11          Moreover, the cases that Defendants rely on do not support the general proposition that

12  negligence is foreclosed under § 1983.  Rather, the cases Defendants cite hold that mere negligence

13  is not enough to assert a claim for the deprivation of an Eighth or a Fourteenth Amendment right

14  under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (stating that "in any given §

15  1983 suit, . . . depending on the right, merely negligent conduct *may not be enough* to state a claim,"

16  and holding that more than mere negligence is needed to assert a Fourteenth Amendment claim

17  under § 1983) (emphasis); *Gurule v. Corr. Med. Servs.*, No. 1:08-CV-244-BLW, 2010 WL 3168378,

18  at \*2 (D. Idaho Aug. 9, 2010) ("Mere indifference, medical malpractice, or negligence will not

19  support a cause of action under the Eighth Amendment."); *Clouthier v. Cnty. of Contra Costa*, 591

20  F.3d 1232, 1242–41 (9th Cir. 2010) (applying the standard of deliberate indifference to Eighth and

21  Fourteenth Amendment claims).  Accordingly, these cases do not govern whether negligence is

22  actionable under § 1983 for a Fourth Amendment claim.  Thus, the court is not persuaded by this

23  argument.

24          The court finds that Plaintiff has sufficiently alleged a § 1983 claim for the deprivation of

25  her Fourth Amendment right against Babauta and Reyes *in their individual capacities.*  However,

26  it is not clear in the FAC as to whether Plaintiff is suing Babauta and Reyes in their official

27  capacities or in their individual capacities.  Because Government of Guam officers acting in their

official capacities are not "persons" that can be sued under § 1983, Plaintiff cannot state a claim against Babauta and Reyes in their official capacities. *See Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990). Thus, to the extent that Plaintiff is asserting the claim against Babauta and Reyes *in their official capacities*, the claim is **DISMISSED WITHOUT LEAVE TO AMEND**. Granting Plaintiff leave to amend her claim against the officers in their official capacities would merely be an exercise of futility as there is no amendment that can cure its defect. *See Ascon Props., Inc.*, 866 F.2d at 1160.

## 2. Count III: Eighth Amendment Claim

In Count III, Plaintiff alleges that Babauta and Reyes deprived her of her Eighth Amendment right to be free from excessive punishment while she was in their exclusive custody. FAC ¶ 40, ECF No. 17. Plaintiff again attempts to assert the claim directly under the Eighth Amendment. However, as discussed above, Plaintiff must use § 1983 to assert her constitutional claims; as such, the court also construes this claim as a § 1983 claim. Thus, to state a claim under Count III, Plaintiff must (1) allege the deprivation of a right secured by the Eighth Amendment, and (2) allege that the deprivation was committed by a person acting under color of state law. *See Anderson*, 451 F.3d at 1067.

### a. Plaintiff fails to state a deprivation of an Eighth Amendment right

The Eighth Amendment of United States Constitution prohibits the infliction of cruel and unusual punishments. U.S.CONST. amend. VIII. However, the Eighth Amendment is not implicated until there has been a conviction of a crime. *See Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because Gibson . . . had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment.").

Here, Plaintiff's Eighth Amendment claim rests on the allegations that Babauta and Reyes "ignored [her] pleas for medical assistance" and "caused her to endure severe pain while in the[ir] exclusive custody. . . ." FAC ¶¶ 26, 28, ECF No. 17. However, nowhere is it alleged that Plaintiff

1   was convicted of a crime to implicate the Eighth Amendment. *See Gibson*, 290 at 1187. Thus,

2   Plaintiff has failed to state a claim for deprivation of her Eighth Amendment right, and it is

3   **DISMISSED WITH LEAVE TO AMEND**. While the court has greater liberty to deny leave to

4   amend if the complaint has been previously amended, the court finds that justice so requires that

5   leave be granted in this instance. *See Ascon Props., Inc.*, 866 F.2d at 1160; FED. R. CIV. P. 15(a)(2).

6                           **3.      Count IV: § 1983 Violation**

7          In Count IV, Plaintiff alleges a violation of her civil rights under § 1983. Section 1983 is

8   not a substantive right; that is, "one cannot go into court and claim a violation of § 1983—for §

9   1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285

10  (2002) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)) (internal

11  quotation marks omitted). Rather, § 1983 "merely provides a mechanism for enforcing individual

12  rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the

13  United States." *Id.* (quoting § 1983).

14         The constitutional violations alleged in Counts II and III form the basis of Plaintiff's § 1983

15  claim in Count IV. As discussed above, the court construed Counts II and III as § 1983 claims.

16  Thus, this count adds nothing new to the complaint. Accordingly, the court **DISMISSES COUNT**

17  **IV WITHOUT LEAVE TO AMEND**. This count is redundant and cannot be changed to shed its

18  redundancy, and as such, granting Plaintiff leave to amend would be futile. *See Ascon Props., Inc.*

19  *v. Mobil Oil Co.*, 866 F.2d 1149, 1160; *Rutledge v. Cnty. of Sonoma*, No. C 07-4274 CW, 2008 WL

20  2676578, at *3-5 (N.D. Cal. July 1, 2008) (dismissing with prejudice redundant § 1983 claims

21  "because they are inherently duplicative and Plaintiff faces no prejudice by their dismissal").

22                    **B.      SECOND THROUGH SIXTH CAUSES OF ACTION**

23         In the second through sixth Causes of Action, Plaintiff alleges intentional-tort claims under

24  local Guam law. *See* FAC at 10–13, ECF No. 17. Babauta and Reyes do not put forth any

25  arguments regarding the substance of these allegations, but rather move to dismiss the claims under

26  a local Guam law that provides, "[t]he filing of a suit . . . against the government of Guam . . . shall

1 suspend any proceedings against individual employees alleged to be liable in the same action until

2 such time as the suit against the government of Guam . . . has been brought to final judgment."

3 Defs.' Mtn. to Dismiss at 12, ECF No. 24 (quoting 5 GUAM CODE ANN. § 6212(a)).  In light of the

4 fact that the Government has been dismissed from this action, this argument is moot.  Thus, the

5 motion to dismiss the claims alleged in Plaintiff's second through sixth causes of action is **DENIED.**

6 **VI.      CONCLUSION**

7       Based on the foregoing discussion, the court hereby orders the following: Count II, insofar

8 as it is alleged against Babauta and Reyes in their official capacities**,** is **DISMISSED WITHOUT**

9 **LEAVE TO AMEND**; Count III is **DISMISSED WITH LEAVE TO AMEND**; and Count IV is

10 **DISMISSED WITHOUT LEAVE TO AMEND**.  The Motion is **DENIED** with respect to the

11 claims in the second through sixth causes of action.

12       The court **GRANTS** Plaintiff leave to amend Count III of the FAC.  Plaintiff shall also

13 amend the FAC to clarify that Babauta and Reyes are being sued in their individual capacities, and

14 not in their official capacities.  Plaintiff shall file her Second Amended Complaint by 3:00 p.m. on

15 October 31, 2011.

16       **SO ORDERED**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Oct 14, 2011**